THE TOWNSHIP OF WATERFORD, PLAINTIFF, v.
MICHAEL C. BABLI, DEFENDANT-PETITIONER.

Camden County Court
Law Division

April 17, 1978.

*Mr. John D. Wade* for plaintiff (*Messrs. Maressa &
Wade,* attorneys).

*Mr. Saverio R. Principato* for defendant-petitioner (*Messrs. Principato, Perrin & Hanifen,* attorneys).

TALBOTT, J. C. C. This is a petition for an award of attorney's fees incurred by a police officer in his appeal of a conviction, after a departmental hearing, of violating six sections of a municipal ordinance.

Petitioner Michael C. Babli was suspended from his position as patrolman in the Waterford Police Department on December 14, 1976 for violating Municipal Ordinance 93, c. 34–11, §§ B (willful disobedience of orders), D (being disrespectful to a superior officer), F (neglect of duty), I (gross ignorance of the laws, rules, regulations and order of the department), M (conduct unbecoming a gentleman and an officer) and N ,(conduct subversive of good order and the discipline of the department). After being found guilty of all charges at a departmental hearing, he was dismissed from the police force in early February 1977. Babli appealed the dismissal and a hearing *de novo* was held before this court. At that time Babli was acquitted of four of the charges but convicted of two: neglect of duty and being disrespectful to a superior officer. He was returned to his position as patrolman but suspended for a period of six months. Babli then requested payment of his attorney's fee by the municipality pursuant to *N. J. S. A.* 40A:14–155. The request was denied and this petition followed.

*N. J. S. A.* 40A:14–155 provides as follows:

Whenever a member or officer of a municipal police department or force is a defendant in .an action or legal proceeding arising out of or incidental to the performance of his duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.

Petitioner contends that since, as a result of the court's decision, he has been reinstated as a member of the police force, the court must find that the proceeding has been "finally determined in his favor," thus requiring reimbursement for his attorney's fees. Alternatively, he argues that since the final determination acquitted him of four of the six charges against him, a proportionate amount, or two-thirds, of his attorney's fees should be reimbursed by the municipality.

In opposition, the municipality argues that the language, "finally determined in his favor," means that the officer must be acquitted of all charges lodged against him by the municipality. To support this contention counsel draws an analogy between the facts of this case and that of a defendant faced with a six-count indictment by a grand jury. A subsequent finding of guilt of the accused on two counts of the indictment, it is contended, could not be considered an acquittal or a "final determination in his favor." So too, the argument continues, the conviction of Babli on two of the six charges precludes a finding of a "final determination in his favor."

Since there are no reported cases construing this section of the statute, the court must turn to the legislative history of it to determine the legislature's intent.

The predecessor to *N. J. S. A.* 40A:14–155 was *N. J. S. A.* 40:11–19, which provided for payment by the municipality of all legal fees incurred by members of its police or fire departments in defending themselves in any legal proceeding arising from the performance of their official duties. Expressly excluded from the statute was payment of fees incurred by those officers in defending themselves in any disciplinary or criminal proceedings instituted by the municipality.

*N. J. S. A.* 40:11–19 was repealed in 1971. In attempting to replace that statute the Legislature originally considered a bill which would have continued the policy of noncompensation for legal fees incurred by a police officer in his defense

of criminal or disciplinary proceedings instituted by the employing municipality. However, § 3 of Assembly Bill 532, signed by Governor Cahill on April 27, 1972 and made retroactive to July 1, 1971, amended the statute "to extend all the aforementioned provisions of section 1 to any member or officer of a municipal police department or force * * * subjected to 'any action or legal proceedings,' including criminal or disciplinary proceedings instituted by, or on the complaint of the municipality, provided that the latter proceedings are ultimately resolved in his favor."

The statement attached to the bill clarifies the legislative intent by stating that the bill would:

a. restore to police and firemen the right to reimbursement for expenses of their defense of criminal charges brought against them for acts performed in the performance of duty, and

b. provide for reimbursement for police and firemen *cleared* of disciplinary charges or criminal proceedings brought by or on complaint of the employing municipality or county. [Emphasis supplied]

The use of the word "cleared" indicates that the Legislature intended that police officers only be reimbursed for legal fees when they are acquitted of all charges against them. Babli was acquitted of four of the six charges, and his punishment reduced from dismissal to a suspension for six months. Though suspension must be deemed a more favorable result than dismissal, the fact that he was convicted on two of the charges precludes a finding that he was "cleared" of the charges against him.

This finding is consistent with the general rule that each party to an action bear his own costs of litigation. *R.* 4:42–9 expressly prohibits the award of counsel fees except in the situations enumerated therein. Attempts at liberalization of this rule have consistently been rejected by the courts. See generally, *Golaine v. Cardinale,* 142 *N. J. Super.* 385 (Law Div. 1976) ; *Gerhardt v. Continental Ins. Co.,* 48 *N. J.* 291 (1966) ; *Sunset Beach Amusement Corp. v. Belk,* 33 *N. J.*

162 (1960). Since this statute is in derogation of the common law, it must be strictly construed. *Fivehouse v. Passaic Valley Water Comm'n*, 127 *N. J. Super.* 451 (App. Div. 1974); *Wayne Tp. in Passaic County v. Ricmin, Inc.*, 124 *N. J. Super.* 509 (App. Div. 1973); *Carlo v. Okonite-Callender Cable Co.*, 3 *N. J.* 253 (1950).

Therefore, because Babli was not acquitted of all charges against him, the court cannot find that the matter was "finally determined in his favor." The preceding discussion of the statute and its legislative history also fails to disclose any support for petitioner's argument that he is entitled to a proportionate share of his attorney's fees based on the percentage of the charges of which he was subsequently acquitted.

The petition for an order awarding attorney's fees is denied.