237 N.J. Super. 623 (1990)
568 A.2d 917
JOHN V. SPARKMAN, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
CITY OF ATLANTIC CITY, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 17, 1989.
Decided January 19, 1990.
*624 Before Judges MICHELS, DEIGHAN and R.S. COHEN.
Caryl M. Amana, Atlantic City Solicitor, attorney for appellant and cross-respondent.
Cooper, Perskie, April, Niedelman, Wagenheim & Levenson, attorneys for respondent and cross-appellant (Lloyd D. Levenson, of counsel, Gerard W. Quinn, on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Defendant City of Atlantic City appeals from a judgment of the Law Division that declared that it was legally liable to pay the counsel fees and costs in the total sum of $25,779.98 incurred by plaintiff John V. Sparkman in his successful defense against criminal and disciplinary charges. Plaintiff cross-appeals from a post-judgment order of the trial court that denied his application for counsel fees and costs incurred in prosecuting this action.
Plaintiff, a police sergeant employed by the Atlantic City Police Department, was indicted with others by the Atlantic County Grand Jury and charged with conspiracy to facilitate the commission of the crime of official misconduct in violation of N.J.S.A. 2C:5-2 and N.J.S.A. 2C:30-2a and official misconduct in violation of N.J.S.A. 2C:30-2a. Thereupon, plaintiff was suspended without pay and served with a preliminary notice of disciplinary action. The preliminary notice of disciplinary action was subsequently amended to charge plaintiff with the violation of various Atlantic City Police Department rules and regulations. All of the criminal and disciplinary charges arose out of plaintiff's attendance at a party at the home of another *625 police officer at which it was alleged that cocaine and marijuana were used and possessed and that plaintiff failed to perform his duty as a police officer by arresting those using and possessing the illegal drugs.
Plaintiff requested that defendant provide him with counsel for his defense pursuant to the provisions of N.J.S.A. 40A:14-155 or reimburse him for the counsel fees and costs that he would incur in the defense of these actions. When defendant failed to respond to his inquiry, plaintiff retained Messrs. Cooper, Perskie, April, Niedelman, Wagenheim & Levenson, to represent him. Apparently, plaintiff had sought their advice before making his request for representation or reimbursement from defendant.
The indictment was dismissed by the trial court on motion before trial for the reasons, among others, that "the evidence presented to the Grand Jury was inaccurate, inadequate and incompetent;" that there was "[p]rosecutorial misconduct both prior to, as well as during, the Grand Jury presentation," and that there was a "[v]iolation and abridgement by the Prosecutor of [plaintiff's] Sixth and 14th Amendment rights...." The disciplinary charges were dismissed on the ground that defendant "failed to produce any evidence to show that [plaintiff was] guilty of any of the charges brought against him." Plaintiff thereupon sought reimbursement for his counsel fees and costs. On plaintiff's motions to proceed summarily and for summary judgment, the trial court without rendering a written or oral decision, ordered defendant to pay plaintiff's counsel fees and costs incurred in defending the criminal and disciplinary charges. However, the trial court denied plaintiff's application for counsel fees and costs incurred in the prosecution of the instant action. This appeal and cross-appeal followed.
The pivotal issue raised on this appeal is whether plaintiff qualifies for reimbursement of counsel fees and costs under the 1986 amendment to N.J.S.A. 40A:14-155. Prior to the 1986 amendment, N.J.S.A. 40A:14-155 provided:

*626 Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of or incidental to the performance of his duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in a criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.
It is clear under this statute that the municipal employer's duty to provide the "necessary means for the defense" of criminal charges against its police officers does not arise in every case. The police officer is not entitled to reimbursement unless the proceedings arose out of or were incidental to performance of the police officer's duties. Meyerson v. Bayonne, 185 N.J. Super. 437, 441 (App.Div. 1982), certif. den., 91 N.J. 567 (1982). The legislative intent in enacting this statute was discussed in Van Horn v. Trenton, 80 N.J. 528 (1979). There, Justice Mountain, writing for the Supreme Court, stated:
Although the statements accompanying the bills which eventually produced N.J.S.A. 40A:14-155 indicate little more than that the provision was intended to "increase the morale of police departments," Statement Accompanying Senate Bill No. 26 (1946), the terms of the statute itself evidence an apparent legislative concern that police officers might be discouraged from effectively pursuing their duties if they were forced to provide their own defense against civil actions and criminal charges brought by disgruntled "victims" of law enforcement. Police officers, by the very nature of their duties, are exposed to a substantial risk that such civil or criminal actions will be initiated, regardless of their merits. See generally Township of Edison v. Hyland, 156 N.J. Super. 137 (App.Div. 1978); Township of Edison v. Mezzacca, 147 N.J. Super. 9 (App. Div. 1977). The possibility of having to incur legal expenses to answer for one's conduct as a police officer would most certainly temper one's performance of police duties. We are convinced that the Legislature, by enacting N.J.S.A. 40A:14-155, was obviously attempting to minimize the intrusion of this concern into the momentary decisions which police officers are continually required to make. [Van Horn v. Trenton, supra, 80 N.J. at 536-537].
The Supreme Court, however, judicially expanded the scope of the statute beginning with Van Horn v. Trenton, supra, continuing with Valerius v. Newark, 84 N.J. 591 (1980), and culminating in Moya v. New Brunswick, 90 N.J. 491 (1982), with the enunciation of the "status rule." This rule affords a *627 police officer reimbursement if he is acquitted of charges brought against him merely because of his status as a police officer. Admitting that the status rule is a "departure ... from the literal terms of the governing statute," Moya v. New Brunswick, supra, 90 N.J. at 499, the Supreme Court explained its rationale by stating that
[t]he statute, however, will fall short of its goal if its effect is confined to the provision of counsel only where the charges arise from the performance of the officer's duties. Police performance and morale are damaged whenever an officer is required to pay counsel to respond to unfair charges because he is an officer, and unfair charges arise not only from performance of duties. They are sometimes made, and often without foundation, against someone, not because he or she did anything at all, but solely and primarily because of his or her identity or status as a police officer. [Id. at 500-501 (Emphasis in Original)].
The Moya Court announced that the statute applies where "the charges are connected with the defendant's occupation as a police officer  either because they arise out of the performance of duties or out of the defendant's status as an officer." Id. at 502. "[A]dvance provision of counsel [is] only [required] in performance of duty cases;" a police officer is, however, entitled to "reimbursement upon acquittal in status cases." Id. Although the Supreme Court conceded that "the main purpose of this legislation [is] to free police from concerns about the cost of counsel in connection with arrests," id. at 504, it justified extending the statute to corruption cases by holding that it would be
"the height of unfairness," ... if a colleague, put to great expense in defending a different sort of misconduct charge (such as that charged against Moya) were denied reimbursement for counsel fees after being exonerated of the charges; and especially so when another, guilty of criminal assault in connection with an arrest, is provided with counsel free of cost at the commencement of the proceedings. [Id. at 505-506 (Citation Omitted)].
Apparently dissatisfied with the Supreme Court's expansion of the obligation imposed by the literal terms of the statute, the Legislature amended N.J.S.A. 40A:14-155, effective January 15, 1986. The statute as amended by L. 1985, c. 457, § 1, now reads:

*628 Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense. [Emphasis added].
Particularly significant is the legislative history which accompanied the 1986 amendment to the statute. According to the Senate County and Municipal Government Committee Statement:
Senate Bill No. 1684 would amend N.J.S. 40A:14-155 to clarify the scope of a municipality's obligation to provide for the defense, or reimburse the expense of defense, of members or officers of the municipal police department or force who are defendants in any action or legal proceeding. A number of decisions by the courts of this State have expanded the obligation imposed by the literal terms of this section to reach, not only charges of improper performance of police duties, but also charges arising from acts outside the scope of police duties, but occurring in the course of the performance of those duties, and charges arising solely from the person's status as a police officer. The bill would eliminate the coverage of this section for charges arising from acts outside the scope of police duties, but occurring in the course of the performance of those duties, and for "status charges."
Moreover, the Statement to Senate Bill No. 1684 provides:
The purpose of this bill is to clarify the legislative intent with regard to the scope of the law requiring municipalities to pay for the defense of municipal police officers and to eliminate the impact of the recent opinion of the New Jersey Supreme Court in Moya v. New Brunswick, 90 N.J. 491 (1982), which expands the legislative coverage well beyond a literal reading of this statute as existing at the time of its decision.
In the Moya decision, the Supreme Court, while acknowledging that the charges involved did not arise from the performance of the officer's duty, held that the officer, charged with conduct as a common burglar, directly opposite to that which he is hired to perform, and while not on duty was nevertheless entitled to reimbursement for legal expenses incurred in successfully defending himself against those charges, which were not initiated by or on behalf of the municipality.
Clearly then, N.J.S.A. 40A:14-155 was amended to counter the judicial decisions that expanded the obligations imposed upon municipalities to reimburse police officers beyond the *629 literal terms of the statute. Now, under the statute as amended, it is perfectly plain that a police officer is entitled to counsel or reimbursement only where he is charged with an infraction arising from the lawful exercise of police powers in the furtherance of his official duties. A police officer is not entitled to counsel fees where the proceedings arise as a result of his failure to perform his official duties.
The criminal and disciplinary charges lodged against plaintiff in this case did not arise out of nor were they directly related to the lawful exercise of any police power by plaintiff in the furtherance of his official police duties. On the contrary, the charges stem solely from the fact that plaintiff, who had attended a private party where allegedly illegal drugs were used and possessed, failed to arrest those participating in this illegal conduct. In short, the charges here do not arise from conduct for which the Legislature has elected to provide reimbursement. In our view, the fact that plaintiff was charged both with conspiracy to commit official misconduct and with official misconduct does not change the nature or character of the charges or bring them within the purview of the 1986 amendment to the statute. Thus, notwithstanding the fact that plaintiff was indicted and charged with crimes and that disciplinary proceedings were instituted against him, both of which were terminated in his favor, he was not entitled to reimbursement of his counsel fees and costs incurred in defending these charges. Moreover, the reimbursement of counsel fees and costs here would not further the policy underlying the 1986 amendment to N.J.S.A. 40A:14-155. Rather, it would subvert the legislative intent by encouraging inaction on the part of police officers who are duty bound to act in certain circumstances without fear of the economic consequences of defending any criminal or disciplinary charges that may be lodged against them.
In view of the fact that we hold that plaintiff is not entitled to be reimbursed for the counsel fees and costs incurred in *630 defending this matter, we need not consider and do not decide the other issues raised by the appeal and cross-appeal.
Accordingly, the judgment under review is reversed.