239 N.J. Super. 469 (1990)
571 A.2d 1003
GERALD BRUNO AND ALFRED BECHARD, PLAINTIFFS-RESPONDENTS-CROSS-APPELLANTS,
v.
CITY OF ATLANTIC CITY AND JOSEPH PASQUALE, DEFENDANTS-APPELLANTS-CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 22, 1990.
Decided March 21, 1990.
*470 Before Judges KING, SHEBELL and KEEFE.
Caryl M. Amana, City Solicitor, attorney for appellants and cross-respondents.
Jacobs & Bruso, attorneys for respondents (Louis M. Barbone, on the brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
Respondents-cross-appellants Gerald Bruno and Alfred Bechard, Atlantic City police officers, were indicted on various criminal charges together with two fellow police officers. Bruno and Bechard were later acquitted on all counts. They then instituted suit in the Chancery Division against the City and its *471 police chief, Joseph Pasquale, seeking reimbursement of counsel fees pursuant to N.J.S.A. 40A:14-155. The chancery judge ordered that the City pay counsel fees for the defense of all counts of the indictment except those two which charged possession and distribution of a controlled dangerous substance (CDS). This appeal and cross-appeal followed. The issue is whether plaintiffs qualified for reimbursement of counsel fees and costs under the 1986 amendment to N.J.S.A. 40A:14-155.

I.
We first consider the issue as it pertains to Officer Bechard. He was charged with official misconduct through his failure to arrest Bruno whom he knew to be in possession of cocaine having a value of over $200 (N.J.S.A. 2C:30-2a), conspiracy to commit official misconduct by attending a gathering at which cocaine and marijuana was possessed and used (N.J.S.A. 2C:5-2 and N.J.S.A. 2C:30-2a), and official misconduct through failure to arrest persons at the gathering whom he knew to be using and possessing drugs (N.J.S.A. 2C:30-2a).
On January 19, 1990, we handed down our decision in Sparkman v. City of Atlantic City, 237 N.J. Super. 623, 568 A.2d 917 (App.Div. 1990). That case dealt with the identical issue raised here as it related to an order of the Law Division that the City pay counsel fees and costs incurred by the codefendant Sparkman in the same indictment. Sparkman, a fellow officer of these defendants, was also charged with official misconduct and conspiracy to facilitate the crime of official misconduct. In Sparkman we held that a police officer is not entitled to reimbursement unless the proceedings arose out of and were incidental to performance of his police duties. Sparkman, 237 N.J. Super. at 629, 568 A.2d 917. Under the 1986 amendment to N.J.S.A. 40A:14-155, a police officer is entitled to have his counsel fees paid "only where he is charged with an infraction arising from the lawful exercise of police powers in the furtherance of his official duties." Ibid.
*472 We further stated in Sparkman that "[a] police officer is not entitled to counsel fees where the proceedings arise as a result of his failure to perform his official duties." Sparkman, 237 N.J. Super. at 629, 568 A.2d 917. We note that this broad pronouncement in Sparkman constitutes dicta to the extent that it might be applied to a failure to perform where, unlike the situation here, an officer is on duty or otherwise engaged in "the lawful exercise of police powers in the furtherance of his official duties." Ibid. We leave for another day the question of whether defense of an allegation of failure to perform certain specific police duties, while actually performing general on-duty activities, is covered by the amended statute. In any event, it is clear in these circumstances that the charges against Bechard did not arise out of, nor were they directly related to, the lawful exercise of his official police duties.

II.
The facts and circumstances as they pertain to Officer Bruno require further discussion. Bruno was charged with theft by unlawfully removing cocaine from an impounded vehicle (N.J.S.A. 2C:20-3a) and with unauthorized exercise of his official functions by taking the property of another (N.J.S.A. 2C:30-2a), as well as with possessing cocaine (N.J.S.A. 24:21-19b(2)), distribution of a CDS (N.J.S.A. 24:21-19a(1)), official misconduct in permitting his premises to be used for distribution, possession and use of a CDS (N.J.S.A. 2C:30-2b), and conspiracy to facilitate the commission of the crime of official misconduct by having the gathering which the other three defendants attended where cocaine and marijuana were possessed and used (N.J.S.A. 2C:5-2 and N.J.S.A. 2C:30-2a).
Bruno was assigned to guard a car which had been confiscated from an alleged narcotics dealer. The vehicle contained more than $200 worth of cocaine in its trunk and was housed in a police garage. Bruno was on duty wearing his police uniform while assigned to guard the car. It was alleged that he took *473 the cocaine for his own use and distributed it at a party he hosted on January 30, 1982.
The Chancery judge held that the charges against both officers relating to the theft of cocaine, official misconduct, failure to prevent the use of drugs and failure to arrest were within the statutory protection of N.J.S.A. 40A:14-155. We do not agree. We acknowledge that the charges against Bruno that relate to theft and misconduct while carrying out his assigned duty to guard the vehicle cannot be classified as mere "status" offenses, which the 1986 amendment intended to withdraw from reimbursement. See N.J.S.A. 40A:14-155; S. Bill 1684  L. 1985, c. 457, 201st Leg., 2d Ann.Sess., 1985 N.J. Laws 11, Senate County and Municipal Government Committee Statement (appended to revised N.J.S.A. 40A:14-155) (Senate Committee Statement). However, it does not necessarily follow from this conclusion that reimbursement is therefore mandated.
The operative statutory language is "action or legal proceeding arising out of and directly related to the lawful exercise of police powers and the furtherance of his official duties." N.J.S.A. 40A:14-155. The acts charged against Bruno, although directly related to the exercise of his official duties, cannot be said to be related to the lawful exercise of police powers and the furtherance of his official duties. Thus, the criminal activities charged were outside the scope of his police duties. We believe it is clear that the Legislature through its 1986 amendment to N.J.S.A. 40A:14-155 intended to take away reimbursement for defense of charges where the acts of the officer, even though occurring at a time when the officer was coincidentally performing official duties, were not occasioned by mere careless or overzealous performance of those duties, but rather by an ulterior illegal goal of the officer which actually constituted a perversion of his job. See Senate Committee Statement, supra (the bill eliminated coverage for "charges arising from acts outside the scope of police duties. ...") [Emphasis supplied]; cf. Moya v. New Brunswick, 90 N.J. 491, 512-13, 448 *474 A.2d 999 (1982) (Pashman, J., concurring) (perversion of duties precludes reimbursement for defense of charges).
Prior to the 1986 amendment, we denied relief to a police officer in an instance where a burglary "occurred in a shopping center which plaintiff [police officer] had been assigned to patrol...." Kauffman v. Glassboro, 181 N.J. Super. 273, 275, 437 A.2d 334 (App.Div. 1981), certif. den., 91 N.J. 523, 453 A.2d 847 (1982). We held that the alleged burglary was not an act "`arising out of or incidental to the performance of'" the officer's duties. Id. 181 N.J. Super. at 276, 437 A.2d 334. We characterized the charge as an allegation "that plaintiff acted as a common burglar, something which was not even colorably related to the performance of his duties...." Id. at 277, 437 A.2d 334. It was "our view that the statute contemplates a criminal charge which at least suggests the exercise of police powers in the furtherance of official duties." Ibid.
We recognize that in Moya v. New Brunswick the Supreme Court indicated in dicta that the police officer in Kauffman would have been covered by the statute if the record had shown that the theft occurred while the officer was on duty. Moya, 90 N.J. at 507 n. 10, 448 A.2d 999. However, the 1986 amendment to N.J.S.A. 40A:14-155 added the further requirements, not included in the original enactment as applicable at the time of Kauffman and Moya, that the action defended against be "directly related to the lawful exercise of police powers in the furtherance of [an officer's] official duties...." [Emphasis supplied]. Therefore, under the current statutory language a police officer's merely being on duty at the time of an incident that causes him to become a defendant in an action or legal proceeding is not enough to entitle him to reimbursement for his defense.
There is nothing about the alleged theft of illegal drugs which would suggest that it constituted the lawful exercise of police powers in the furtherance of official duties. As we indicated with respect to the related conspiracy and misconduct *475 charges common to the other officers, the infractions alleged cannot even arguably be said to arise from the lawful exercise of police powers and the furtherance of official duties of the officers. See Kauffman, 181 N.J. Super. at 277, 437 A.2d 334. Therefore, the facts here cannot give rise to a basis for having the municipality provide a defense within the contemplation of the 1986 amendment to N.J.S.A. 40A:14-155.
The awards of reimbursement for counsel fees are reversed, and the denials of counsel fees are affirmed.