268 N.J. Super. 177 (1993)
632 A.2d 1276
PETER GORDON AND THOMAS J. CAMMARATA, PLAINTIFFS-RESPONDENTS,
v.
BOROUGH OF MIDDLESEX, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1993.
Decided November 5, 1993.
*179 Before Judges SHEBELL, LONG and LANDAU.
Paul Johnson argued the cause for appellant (Edward J. Johnson, Jr., attorney, on the brief).
Thomas J. Cammarata argued the cause for respondents (Shaljian, Cammarata & O'Connor, attorneys; Mary K. Costello on the brief).
The opinion of the court was delivered by SHEBELL, P.J.A.D.
Defendant, Borough of Middlesex, appeals from an order of the Law Division granting summary judgment to plaintiffs, Peter Gordon and Thomas J. Cammarata. We reverse and remand.
In August 1991, plaintiff, Peter Gordon, was indicted for: count one, official misconduct, (N.J.S.A. 2C:30-2); count two, obstructing administration of law, (N.J.S.A. 2C:29-1); and count three, wrongful access to a computer system, (N.J.S.A. 2C:20-30). In May 1992, a jury acquitted Gordon of all charges.
On September 2, 1992, Gordon and his attorney, Cammarata, filed a complaint in the Law Division against the defendant, Borough of Middlesex, for reimbursement of legal fees incurred in defending the criminal charges. Plaintiffs filed a motion for summary judgment on November 16, 1992, and the defendant cross-moved for summary judgment. On December 18, 1992, after oral argument, the Law Division judge granted plaintiffs' motion.
The facts show that on March 12, 1991, Peter Gordon was a sergeant with the Middlesex Borough Police Department, assigned to desk duty and working the 4:00 p.m. to 12:00 midnight shift. At that time, Captain James Benson was in the process of conducting an investigation pertaining to the activities of a borough patrolman. Benson, together with a detective of the Middlesex County Prosecutor's Office, had made arrangements to interview two witnesses at police headquarters in connection with the *180 investigation. When Gordon arrived for work that evening, Benson informed him that he was expecting a man and a woman to come to headquarters. He asked Gordon to escort them to the Captain's office when they arrived. Benson did not indicate why he and the detective wanted to speak to these witnesses.
The man and woman arrived at approximately 5:10 p.m., reported to the desk, and were admitted by Gordon. Gordon did not ask what their names were. However, he asked another officer to check the license plate of the vehicle which was used to transport the two to police headquarters. He then accessed the New Jersey Criminal Justice Information System through a computer at his desk to identify the owner of the vehicle. Believing it was the wrong information, Gordon himself went out to the parking lot to obtain the license plate number. It is alleged that Gordon then accessed the computer to obtain the identity of the witnesses and gave the information to the patrolman who was the target of the investigation. Gordon was not assigned to aid in the investigation.
At trial, Gordon is said to have testified that he conducted the look-up as part of his official duties as desk sergeant to obtain the names of all people who come to the police station. He denied revealing the names to the patrolman under investigation. He also denied knowing that any investigation was being conducted.
Summary judgment may only be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2; Judson v. Peoples Bank and Trust Co. of Westfield, 17 N.J. 67, 110 A.2d 24 (1954). Both parties in this case maintained that there was no genuine issue of fact. We disagree.
N.J.S.A. 40A:14-155 sets forth under what conditions a member of a police department is entitled to reimbursement for expenses incurred in defending against a disciplinary or criminal proceeding. The statute provides the following:

*181 Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.

[N.J.S.A. 40A:14-155 (emphasis added).]
The trial judge believed that he had only to decide, as a matter of law, whether acquiring the names of the witnesses was within or outside of Gordon's duties as desk sergeant. The judge decided that the task was within Gordon's duties, stating:
obtaining those names is squarely within his duties. It might be that he did it in the wrong way, but whether he did it by looking them up on a sheet of paper, asking their names or doing a license look-up, it still accomplished the same result which was within his duties to obtain their names.
The motion judge failed to recognize that although it may properly have been part of Gordon's duties to obtain such information, a factual issue, nonetheless, existed under the statute as to whether Gordon was acting to carry out that duty or was merely using the duty as a pretext for the surreptitious purpose of obtaining information to aid his fellow patrolman. Without such a finding, there can be no valid determination of the crucial issue of whether the charges were ones "arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties." N.J.S.A. 40A:14-155 (emphasis added).
The trial judge also incorrectly ruled that the issue of providing the names to another individual should not be relitigated because of Gordon's acquittal on the criminal charges. This was also a question of fact to be resolved in determining the same statutory issue. In the criminal proceeding, the state was required to prove Gordon's misconduct beyond a reasonable doubt. It apparently failed in this regard. That does not necessarily mean that plaintiffs *182 can sustain their burden of proving by a preponderance of the evidence that reimbursement is required under the statute.
N.J.S.A. 40A:14-155 was amended in 1986. Prior to the amendment, the statute provided as follows:
Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of or incidental to the performance of his duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action of proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in a criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense. [Emphasis added].
The amended statute changed the wording from "arising out of or incidental to the performance of his duties" to "arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties."
Two cases apparently prompted the Legislature to act. They are Valerius v. Newark, 84 N.J. 591, 423 A.2d 988 (1980) and Moya v. New Brunswick, 90 N.J. 491, 448 A.2d 999 (1982). In Valerius, a Newark police officer was charged with misconduct in office, conspiracy to take money under false pretenses, and taking money under false pretenses. Valerius, supra, 84 N.J. at 593, 423 A.2d 988. Valerius allegedly conspired with another officer and two co-conspirators to stage a drug deal and fake arrest. Ibid. The indictment charged that the two officers and their co-conspirators intended to defraud their victims into believing the drugs and purchase money were being seized by the police and that they actually kept the money. Ibid. Valerius was acquitted by a jury on all three criminal charges. Id. at 592, 423 A.2d 988. The Court held that since the charges alleged improper use of his status as a police officer, and since the jury rejected the truth of the charges, the matter would be included within the statutory language "arising out of or incidental to the performance of his duties" and Officer Valerius would be entitled to reimbursement of legal fees. Id. at 596-597, 423 A.2d 988.
*183 In Moya, a former New Brunswick police officer was charged with providing assistance to breaking and entering of retail establishments. Moya was charged with breaking into these stores while off duty, but allegedly two fellow officers who were on duty acted with him and provided the lookout. Moya, supra, 90 N.J. at 494, 448 A.2d 999. Moya was acquitted of all charges. Id. at 496, 448 A.2d 999. The Court held that "even though the charges did not arise from performance of his duty, but rather from his status as a police officer, the acquitted police officer is entitled to such reimbursement." Id. at 493, 448 A.2d 999. The Court included false allegations that the officer was involved in a burglary ring involving on-duty and off-duty police officers as a status charge. Ibid. The Court explained, "[w]here the charges are the kind to which police are exposed because of their occupation  whether because of the performance of their duties or simply because of being a police officer  the municipality must pay for counsel." Ibid.
The "status rule" enunciated in Moya was specifically rejected by the 1986 amendment to N.J.S.A. 40A:14-155. Under the amendment, it is no longer enough that the charges be incidental to the performance of the officer's duties. The charges now must be "directly related to the lawful exercise of police powers in the furtherance of his official duties." N.J.S.A. 40A:14-155.
Here, Gordon was charged with unauthorized access to the computer system at the police department and obtaining data for his own personal use. He was, however, on duty at the time of the alleged acts and serving as desk sergeant. He had legal access to the computer system that he was accused of obtaining information from for his personal use. Although it may be that obtaining the names of the witnesses was within Gordon's duty, it must be determined factually whether when he obtained the names through the computer he was doing it for that lawful purpose or for his own purpose.
Gordon was also charged with disclosing confidential police information to the suspect in the investigation. Therefore, there *184 must also be a factual determination of this question. Otherwise, it cannot be fairly determined whether he was acting in furtherance of his legal duties. It may also be relevant to a determination of whether he was using the computer for his own purposes. Even where the activities are more than mere "status" charges, entitlement to reimbursement for legal fees is not automatic. It is necessary to demonstrate that the legal proceedings arose out of and were directly related to the officer's lawful exercise of police powers in furtherance of his official duties. N.J.S.A. 40A:14-155.
Two cases have interpreted the "arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties" provision of the 1986 amendment to N.J.S.A. 40A:14-155. They are Bruno v. Atlantic City, 239 N.J. Super. 469, 571 A.2d 1003 (App.Div. 1990) and Sparkman v. Atlantic City, 237 N.J. Super. 623, 568 A.2d 917 (App.Div. 1990).
In Sparkman, a police sergeant with the Atlantic City Police Department allegedly attended a party of another police officer where cocaine and marijuana were used and possessed. Sparkman, supra, 237 N.J. Super. at 624-625, 568 A.2d 917. The sergeant was charged with failing to perform his duty as a police officer because he did not arrest those using and possessing the illegal drugs. Id. at 625, 568 A.2d 917. All charges were dismissed and the officer sought reimbursement for counsel fees. Ibid. We held that the officer was not entitled to reimbursement because the charges against him did not arise out of and were not directly related to the lawful exercise of any police power by the officer in furtherance of his official police duties. Id. at 629, 568 A.2d 917. We noted that the officer was at a private party, and stated that a police officer is entitled to reimbursement "only where he is charged with an infraction arising from the lawful exercise of police powers in the furtherance of his official duties." Ibid.
In Bruno, a police officer was charged with unlawfully removing cocaine from an impounded vehicle for his own use and distributing it at a party that he hosted. Bruno, supra, 239 N.J. Super. at *185 472-473, 571 A.2d 1003. He was later acquitted on all charges and sought reimbursement of legal fees pursuant to N.J.S.A. 40A:14-155. Id. at 470-471, 571 A.2d 1003. We held that he was not entitled to reimbursement for his attorney fees. Id. at 475, 571 A.2d 1003.
In Bruno, we explained that although the acts charged against Bruno were directly related to the exercise of his official duties, they were outside the scope of his official duties. Id. at 473, 571 A.2d 1003. We stated:
We believe it is clear that the Legislature through its 1986 amendment to N.J.S.A. 40A:14-155 intended to take away reimbursement for defense of charges where the acts of the officer, even though occurring at a time when the officer was coincidentally performing official duties, were not occasioned by mere careless or overzealous performance of those duties, but rather by an ulterior illegal goal of the officer which actually constituted a perversion of his job.

[Ibid.]
If Gordon accessed the computer system for his own personal use, that was neither a lawful exercise of his police powers nor in furtherance of his duties. See Bruno, supra, 239 N.J. Super. at 473, 571 A.2d 1003. It cannot be said that his actions were directly related to the lawful exercise of police powers as part of his official duties, merely because he was trained on the use of the computer system and was authorized to use it for official duties, if indeed he had the ulterior illegal goal of obtaining information for his own personal use. That would constitute a perversion of his duty and bar reimbursement, as would an unlawful revealing of the information, even if lawfully obtained. Ibid.
Plaintiffs argue that if legal fees are not covered in this case, it would render the statute meaningless. We recognize that in every situation in which this statute may be applicable, an allegation of illegal conduct on the part of the police officer will be present. N.J.S.A. 40A:14-155. Nonetheless, under the present statute, acquittal alone is not sufficient to require reimbursement. Therefore, a plaintiff must prove that he or she was engaged in activity "directly related to the lawful exercise of police powers in the furtherance of his official duties," when the conduct giving rise *186 to the charges took place. N.J.S.A. 40A:14-155; Bruno, supra, 239 N.J. Super. at 473, 571 A.2d 1003.
Unless the charges are proven to be "directly related to the lawful exercise of police powers in the furtherance of his official duties," plaintiffs are not entitled to reimbursement of Gordon's legal fees. N.J.S.A. 40A:14-155. If Gordon had an ulterior illegal goal when he accessed the computer on this particular occasion which was to obtain the information for his own personal use, he may not recover; nor may he recover if the charges arose from his unlawful revealing of the information to the target of the investigation. We acknowledge that trials will be required in many cases in order to resolve the issue of entitlement. However, the statutory amendment mandates a determination of these issues.
We reverse the order granting plaintiffs' motion for summary judgment. We remand for trial on the factual issues presented.
Reversed and remanded.