754 A.2d 555

RONALD M. JOHNSTONE, PLAINTIFF–APPELLANT, v. THE
TOWN OF KEARNY, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 1, 2000—Decided June 30, 2000.

Before Judges STERN, KESTIN and STEINBERG.

*DeLuca & Taite,* attorneys for appellant (*Samuel R. DeLuca* and *George T. Taite,* on the brief).

*Rivkin, Radler & Kremer,* attorneys for respondent (*Gary Potters* and *Amy E. Blakeley,* on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

Plaintiff appeals from the grant of summary judgment dismissing his complaint seeking pro rata attorney's fees because of the disposition favorable to him on some charges embodied in a multi-count federal indictment. Plaintiff's claim arises under *N.J.S.A.* 40A:14–155, which provides:

> Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.

According to plaintiff, he

> was a Kearny Police Officer. He was indicted in a federal indictment of various counts of excessive use of force. The plaintiff-appellant was convicted on some counts as to certain named victims and acquitted or had counts dismissed as to other named victims. Although the defendant was charged in a single indictment and was tried in a single trial, the indictment itself charged different acts on

different dates against different [victims], all of which were unrelated except by the generic nature of the offense.

While defendant municipality asserts that plaintiff was convicted on six counts of the indictment and acquitted on one, plaintiff asserts he "was convicted on five counts" and that "[t]hree of the counts as to one individual complainant were discharged in their entirety." From the record before us it appears that two counts were dismissed before trial, plaintiff was acquitted on one of the counts, was convicted of six counts alleging violations of 18 *U.S.C.* §§ 2 and 242, as a result of "the use of unreasonable force by one acting under color of law." However, the number of convictions is irrelevant, and we will accept plaintiff's representation for purposes of this opinion. Plaintiff argues that he is entitled to reimbursement "for the charges on which [he] was not convicted."

■ We need not speculate if a defendant is financially better off when multiple counts are joined for trial or if there is a fair way to allocate counsel fees attributable to specific counts of a multi-count indictment. We adhere to *Township of Waterford v. Babli*, 158 *N.J.Super.* 569, 386 *A.*2d 906 (Law Div.1978), *aff'd o.b.*, 168 *N.J.Super.* 18, 401 *A.*2d 697 (App.Div.1979), and reject plaintiff's "argument that he is entitled to a proportionate share of his attorney's fees based on the percentage of the charges of which he was subsequently acquitted." *Id.* at 573, 386 *A.*2d 906.[1] Thus, so long as a defendant is convicted on one or more counts of a multi-count indictment simultaneously disposed by plea or trial, he or she is not entitled to reimbursement under *N.J.S.A.* 40A:14–155. The propriety of joinder is to be resolved in the criminal case, and cannot be relitigated in the suit for reimbursement.

We recognize that *Babli, supra,* was decided before the 1986 amendment to the statute. The amendment was designed to

---

[1] *Babli* involved a disciplinary proceeding at which he was convicted on all charges. On *de novo* review he was acquitted on four of the charges, but convicted on two. *Id.* at 570, 386 *A.*2d 906. *Babli* arose under the "disciplinary proceeding" provision of the statute.

make reimbursement more limited and to "eliminate the coverage ... for charges arising from acts outside the scope of police duties, but occurring in the course of the performance of those duties." *See* Senate, County and Municipal Government Committee, *Statement to Senate Bill No.* 1684, *L.* 1985, *c.* 457 (June 18, 1984); *see also Oches v. Township of Middletown Police Dep't,* 155 *N.J.* 1, 7–8, 713 *A.*2d 993 (1998). The amendments to *N.J.S.A.* 40A:14–155 which followed the decision in *Babli* did not address the issue decided in that opinion even though the Legislature amended the statute to "eliminate the impact of" the subsequent Supreme Court opinion in *Moya v. City of New Brunswick,* 90 *N.J.* 491, 448 *A.*2d 999 (1982), and authorized "counsel fees only to police officers charged with infractions arising out of the lawful exercise of police powers in furtherance of their official duties." *Oches, supra,* 155 *N.J.* at 7, 713 *A.*2d 993.

Finally, we note that *Babli* and *Oches* involve disciplinary proceedings and procedures unique thereto.[2] Plaintiff herein does not contend that he was entitled to a statutory defense by virtue of the fact he was indicted or that he is entitled to coverage because the municipality was not the complainant. Nor does the municipality contend he is not entitled to reimbursement merely because it did not file the complaint. *See N.J.S.A.* 40A:14–155. Obviously, because of the requirement that the acts be "directly related to the lawful exercise of police powers in the furtherance of [ ] official duties," the parties appear to agree the matter of reimbursement must be decided after disposition of the underlying litigation. *Cf. Gordon v. Borough of Middlesex,* 268 *N.J.Super.* 177, 186, 632 *A.*2d 1276 (App.Div.1993) ("acknowledg[ing] that trials will be required in many cases in order to resolve the issue

---

[2] We recognize that in the context of a civil service disciplinary proceeding an exonerated police officer may be reimbursed for counsel fees, pursuant to statute and regulation, even though he might not satisfy the criteria embodied in *N.J.S.A.* 40A:14–155. *Oches, supra,* at 8–13, 713 *A.*2d 993. This case involves neither an administrative proceeding nor an exoneration. Plaintiff was convicted of violating the criminal law while "acting under color of law."

of entitlement"). Plaintiff contends that he is entitled to reimbursement because some of the charges were dismissed or resolved in his favor, *see Oches, supra,* 155 *N.J.* at 9, 713 *A.*2d 993, and claims that he is entitled to pro rata reimbursement because he was "cleared" of wrongdoing on those charges. The municipality seems to contend that a complete disposition of charges in his favor merely permits him to apply for reimbursement and thereupon to demonstrate that his conduct, although not found to be criminal, arose out of and was "directly related to the lawful exercise of police powers" and were "in furtherance of his official duties," as required by *N.J.S.A.* 40A:44–155. We agree with the municipality that "acquittal alone is not sufficient to require reimbursement." *Gordon, supra,* 268 *N.J.Super.* at 185, 632 *A.*2d 1276. We also agree with the municipality that the statutory threshold for reimbursement has to be addressed only if the entire indictment is disposed of in a manner favorable to plaintiff. However, the convictions of plaintiff on some of the counts were not determinations in his favor.

Accordingly, the judgment is affirmed substantially for the reasons expressed by Judge Joseph T. Ryan in his oral opinion of July 9, 1999, as supplemented herein.