NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5119-14T4

IN THE MATTER OF JOSEPH ISAACSON
AND TOWNSHIP OF HARDYSTON.
_________________________________

 Argued December 21, 2016 – Decided February 27, 2017

 Before Judges Simonelli, Carroll and Gooden
 Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Sussex County, Docket
 No. L-0640-12.

 Eric L. Harrison argued the cause for
 appellant Township of Hardyston (Methfessel &
 Werbel, attorneys; Mr. Harrison, of counsel
 and on the briefs; Jennifer M. Herrmann, on
 the briefs).

 Jeffrey D. Catrambone argued the cause for
 respondent Joseph Isaacson (Sciarra &
 Catrambone, L.L.C., attorneys; Mr. Catrambone,
 of counsel and on the brief).

PER CURIAM

 Appellant Township of Hardyston (Township) appeals from the

May 20, 2015 Law Division order, which vacated the termination of

respondent Joseph Isaacson from his employment as a police officer,

imposed a ten-day suspension, and reinstated Isaacson with back

pay and benefits. The Township also appeals from the June 10,
2015 order, which awarded Isaacson attorney's fees pursuant to

N.J.S.A. 40A:14-155. We reverse both orders.

 I.

 The procedural history and factual background of this case

are set forth in our opinion in Isaacson v. Public Employment

Relations Commission, No. A-2991-14, issued simultaneously with

this opinion and incorporated herein. We reiterate some of those

facts and add facts that are pertinent to this appeal.

 In 2008, Isaacson began his employment as a police officer

with the Township of Hardyston Police Department (HPD). During

his tenure, he had always been at the top of the HPD's list for

issuing the most summonses.

 On May 16, 2012, Isaacson was on duty when he stopped at a

delicatessen on Route 23 in Franklin Borough (Franklin). After

leaving the delicatessen, he proceeded onto Route 23 south in

Franklin, where he saw a vehicle with a cracked windshield turning

onto the roadway. Isaacson followed the vehicle and entered the

license plate number into the mobile data terminal in his patrol

vehicle. After discovering that the driver, Christopher Smith,

had an outstanding warrant and suspended license, Isaacson stopped

the vehicle in the parking lot of a restaurant located in Franklin.

 Despite knowing he was in Franklin and that he never observed

Smith's vehicle in Hardyston, Isaacson falsely informed the HPD

 2 A-5119-14T4
dispatcher that his location was "23 on the mountain," referring

to a location in Hardyston. Approximately eleven minutes later,

Isaacson falsely informed the HPD dispatcher that he was moving

into the parking lot of the restaurant. When HPD Police Officer

Andrew Norman arrived at the scene, Isaacson twice lied to him

about where he first saw Smith's vehicle.

 The HPD has a standard operating procedure (SOP) that

prohibits its police officers from serving or attempting to serve

legal process in another jurisdiction without being accompanied

by an officer from that jurisdiction (the out-of-jurisdiction

SOP). Isaacson requested that an officer from the Franklin Police

Department respond to the scene, but no officer responded.

Isaacson made no further request and, without being accompanied

by a Franklin police officer, issued two summonses to Smith from

the Hardyston Municipal Court, on which he falsely certified that

Smith unlawfully operated his motor vehicle in Hardyston. Isaacson

placed Hardyston municipal codes on the summonses and marked the

word "rural" in the area designation. Isaacson also filed a police

report with the HPD, which falsely stated that the stop occurred

on Route 23 in Hardyston. He also collected bail from Smith for

the outstanding warrant, completed a bail recognizance form, and

submitted the bail form and summonses to the HPD.

 3 A-5119-14T4
 Suspecting that Isaacson had lied about the location of the

stop, the HPD began an internal affairs investigation. During his

internal affairs interview, Isaacson initially lied about where

he first observed Smith's vehicle and first called in the stop to

the HPD dispatcher. He eventually admitted that he never observed

Smith's vehicle in Hardyston; knew the location of the Hardyston

town line; knew he was in Franklin when he stopped Smith; and knew

he was required to notify the out-of-jurisdiction agency of the

stop, but did not do so.

 After the investigation was completed, the Township suspended

Isaacson with pay and charged him with violating several HPD rules

and regulations (HPDRR) and SOPs by: (1) leaving his patrol vehicle

running while unoccupied; (2) operating the mobile data terminal

on his patrol vehicle while driving; (3) serving a warrant on a

person in Franklin without requesting backup from the Franklin

police; (4) lying and/or making a misrepresentation while on a

motor vehicle stop and in connection with an internal affairs

investigation; and (5) intentionally falsifying documents relating

to a motor vehicle stop and arrest in Franklin. The Township

sought Isaacson's termination.

 A hearing was held before a neutral hearing officer, who

sustained all of the disciplinary charges against Isaacson. The

hearing officer found that Isaacson: (1) knew the traffic violation

 4 A-5119-14T4
he observed occurred outside the boundaries of Hardyston; (2)

admitted he was in another jurisdiction when he observed Smith's

vehicle; and (3) despite knowing he was outside of Hardyston,

still served a summons in Franklin without being accompanied by a

Franklin police officer. The hearing officer concluded that

Isaacson violated the out-of-jurisdiction SOP.

 The hearing officer found several instances where Isaacson

lied during both the motor vehicle stop and his internal affairs

interview. The hearing officer determined that despite never

observing Smith's vehicle in Hardyston, Isaacson issued two

Hardyston summonses to Smith. The hearing officer noted it was

undisputed that Isaacson observed Smith's vehicle only in

Franklin, and thus, was legally required to issue appropriate

summonses on a Franklin summons book. The hearing officer also

noted that writing a summons for a violation that occurred outside

Hardyston "would be the equivalent to a false official public

record." The hearing officer also found that Isaacson knowingly

and willfully made false entries on the two summonses. The hearing

officer concluded that Isaacson violated the HPDRR that required

HPD police officers to be truthful at all times whether under oath

or not, and the HPDRR that prohibited HPD police officers from

knowingly and willfully making a false entry in a departmental

report or record.

 5 A-5119-14T4
 In determining the appropriate penalty, the hearing officer

cited to the Township's Law Enforcement Code of Ethics, which

requires police officers to be honest and exemplary in obeying the

law. The hearing officer concluded as follows:

 The evidence, in this case, overwhelmingly
 proves Isaacson is no longer true to the
 ethics of police service because Isaacson's
 conduct is proven, by the preponderance of all
 credible evidence presented in this case, to
 have violated the honorable calling of being
 a law enforcement officer.

 Based on the seriousness of Isaacson's
 conduct, offering individual penalties for the
 sustained charges would be senseless;
 therefore, wavering adherence to such a moral
 philosophy will earn for Isaacson the
 disrespect and ill-support of the public and
 once that trust is shattered (as it is in this
 case), the only acceptable resolution is
 separating the law enforcement officer from
 their publically held position. As a result,
 Isaacson's actions unthinkably undermined a
 fundamental prerequisite for being a law
 enforcement officer; honesty. Therefore, the
 only acceptable penalty for any irreversible
 sworn employee's incredible behavior is
 termination.

 The Township adopted the hearing officer's decision and

terminated Isaacson, effective September 19, 2012. Following his

termination, Isaacson filed a request with the Public Employment

Relations Commission (PERC) for special disciplinary arbitration

and the appointment of an arbitrator pursuant to N.J.S.A. 40A:14-

150, -209, and -210, and N.J.A.C. 19:12-6.1. On February 18,

 6 A-5119-14T4
2013, the arbitrator rendered an order and final decision

sustaining only the less serious charges of leaving a patrol

vehicle running while unoccupied, and operating the mobile data

terminal on the patrol vehicle while driving. The arbitrator

rescinded Isaacson's termination, imposed a ten-day suspension

without pay, and required the Township to immediately reinstate

him with full back pay, rights, and benefits.

 On February 21, 2013, Isaacson filed an order to show cause,

seeking temporary restraints and a preliminary injunction to

enforce the arbitration award. The Township opposed the order to

show cause and filed a motion to vacate the arbitration award.

 Following a de novo review, the trial judge affirmed the

arbitration award and denied the Township's motion to vacate. On

April 17, 2013, the judge entered an order requiring the Township

to immediately reinstate Isaacson with back pay and full benefits.

On June 27, 2013, the judge entered an order awarding Isaacson

attorney's fees pursuant to N.J.S.A. 40A:14-155.

 The Township appealed both orders. We reversed PERC's

appointment of an arbitrator and the arbitration award, and

remanded to PERC to determine whether the matter was arbitrable

under either N.J.S.A. 40A:14-209 or -210. Twp. of Hardyston v.

Isaacson, Nos. A-3425-12 and A-4180-12 (App. Div. July 9, 2014)

(slip op. at 12), certif. denied, 220 N.J. 98 (2014). We also

 7 A-5119-14T4
reversed the award of attorney's fees, finding that Isaacson was

not entitled to attorney's fees under N.J.S.A. 40A:14-155 because

he was not acquitted of all charges. Id. at 13-14. On remand,

PERC determined that Isaacson was not eligible for arbitration and

dismissed his request for arbitration. We affirmed PERC's decision

in the opinion filed simultaneously with this opinion. See

Isaacson v. Pub. Emp't Relations Comm., supra, (slip op. at 18).

 The matter returned to the same judge, who held a hearing at

which Isaacson testified. On direct examination, Isaacson

testified that he was never trained with respect to out-of-

jurisdiction motor vehicle stops; there was no written HPD policy

for out-of-jurisdiction stops; and he was not trained in the police

academy on how to conduct an out-of-jurisdiction stop. On cross-

examination, however, Isaacson conceded that he had admitted

during his internal affairs interview that he was required to

notify the out-of-jurisdiction agency of the Smith stop, but did

not do so.

 Isaacson also testified on cross-examination about two

documents that he had prepared two years prior to the Smith stop.

One document concerned an incident that occurred in Franklin,

where Isaacson asked the HPD dispatcher to request that a Franklin

police officer respond to the scene. Isaacson admitted that this

document showed he knew he had to notify the Franklin Police

 8 A-5119-14T4
Department for an incident that occurred in Franklin. The second

document concerned an incident that occurred in Hamburg, where

Isaacson notified the Hamburg Police Department and remained on

the scene until they arrived. Isaacson admitted that he knew he

was not in Hardyston and had to call the Hamburg Police Department

for backup.

 In his oral opinion, the judge criticized the involvement of

the Sussex County Prosecutor's Office in this matter, stating it

had the capacity to deprive Isaacson of his rights. This criticism

was unwarranted and not supported by the record. Because this

matter indicated the possibility of a criminal act, the

Prosecutor's involvement was required. See Isaacson v. Pub. Emp't

Relations Comm., supra, (slip op. at 7-9).

 More importantly, however, the judge found that Isaacson had

a full evidentiary hearing before a "neutral" hearing officer who

made "very specific findings" by a preponderance of the evidence.

The judge determined that the hearing officer's factual findings

were "fully supported by the evidence[,]" and affirmed the hearing

officer's conclusions that Isaacson violated the HPDRRs and SOPs;

lied numerous times during the motor vehicle stop and his internal

affairs interview; and knowingly and willfully falsified public

documents.

 9 A-5119-14T4
 Despite this ruling, the judge determined that the penalty

of termination was excessive. The judge found that the lack of

training with regard to this out-of-jurisdiction situation

mitigated Isaacson's conduct, and thus, progressive discipline was

appropriate. The judge viewed Isaacson's conduct as less serious

than police conduct that warranted termination, such as violence

perpetrated on individuals or efforts to deprive citizens of their

civil rights.

 The judge entered an order on May 20, 2015, vacating the

Township's removal of Isaacson; imposing a ten-day suspension

without pay; and ordering Isaacson's reinstatement with full

benefits, among other things. The judge stayed the order pending

appeal. On June 10, 2015, the judge entered an order awarding

Isaacson attorney's fees pursuant to N.J.S.A. 40A:14-155.

 II.

 On appeal, the Township argues that the judge erred in

disregarding the penalty imposed by the Township and in imposing

a ten-day suspension despite the hearing officer's findings that

Isaacson lied multiple times and knowingly and willfully falsified

 10 A-5119-14T4
public documents. The Township concludes that Isaacson's proven

dishonesty warranted his termination.1 We agree.

 We begin with a review of the relevant statutes governing

police disciplinary proceedings, N.J.S.A. 40A:14-147 to -151. A

police officer cannot be removed "for political reasons or for any

cause other than incapacity, misconduct, or disobedience of rules

and regulations" and may not "be suspended, removed, fined or

reduced in rank" without "just cause[.]" N.J.S.A. 40A:14-147. An

officer must be apprised of any such charges by way of written

complaint and is entitled to a hearing. Ruroede v. Borough of

Hasbrouck Heights, 214 N.J. 338, 354 (2013).

 If the hearing officer upholds the charges, the police officer

can seek review from the Superior Court, which hears the matter

de novo on the record below. Id. at 355 (citing N.J.S.A. 40A:14-

150). The court may allow the parties to supplement the record,

but its powers are statutorily limited in that it may reverse,

affirm or modify the conviction; it may not remand to the hearing

officer for a new disciplinary hearing. Id. at 355, 360; see also

N.J.S.A. 40A:14-150.

1
 We decline to address Isaacson's responding arguments that he
did not commit the alleged violations and the hearing officer was
not independent, neutral, and unbiased. The trial judge found
that the hearing officer was "neutral" and affirmed the hearing
officer's findings and conclusions that Isaacson was guilty of the
disciplinary charges. Isaacson did not appeal the judge's ruling.

 11 A-5119-14T4
 On de novo review, the trial court makes its own findings of

fact. In re Phillips, 117 N.J. 567, 578 (1990). Our role in

reviewing the de novo proceeding is limited. Id. at 579. Unlike

the trial court, we do not ordinarily make new factual findings,

but merely "decide whether there was adequate evidence before the

. . . [c]ourt to justify its finding[s]." Ibid. We should not

disturb the trial court's de novo findings unless we find that the

court's decision was arbitrary, capricious or unreasonable or

"[un]supported by substantial credible evidence in the record as

a whole[.]" Ibid. (alteration in original) (citations omitted).

Our review of the court's legal conclusions is plenary. Manalapan

Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Applying these principles, we reverse the judge's decision to

vacate Isaacson's termination.

 "[A] police officer is a special kind of public employee"

held to a higher standard of personal integrity and dependability

than a civilian employee because he is a sworn law enforcement

officer. Twp. of Moorestown v. Armstrong, 89 N.J. Super. 560, 566

(App. Div. 1965), certif. denied, 47 N.J. 80 (1966). A police

officer's "primary duty is to enforce and uphold the law." Ibid.

The officer "represents law and order to the citizenry and must

present an image of personal integrity and dependability in order

to have the respect of the public[.]" Ibid.

 12 A-5119-14T4
 Although the concept of progressive discipline, which

promotes uniformity and proportionality in the discipline of

public employees, has long been a recognized and accepted

principle, West New York v. Bock, 38 N.J. 500, 523 (1962), our

courts have also long acknowledged that "some disciplinary

infractions are so serious that removal is appropriate

notwithstanding a largely unblemished prior record." In re Carter,

191 N.J. 474, 484 (2007). "[T]he question for the courts is

whether such punishment is so disproportionate to the offense, in

light of all the circumstances, as to be shocking to one's sense

of fairness". Ibid. (citation omitted). In cases involving police

discipline, "public safety concerns may also bear upon the

propriety of the dismissal sanction." Id. at 485. In such cases,

the court must be careful not to substitute its judgment for the

judgment exercised by those charged with making disciplinary

decisions. Id. at 486.

 Here, there was no credible evidence in the record supporting

a mitigation of the penalty of termination based on a lack of

training for out-of-jurisdiction stops. Contrary to Isaacson’s

self-serving testimony, the credible evidence showed that he knew

of the out-of-jurisdiction SOP prior to the Smith stop and followed

it on two prior occasions. In addition, he admitted during his

internal affairs interview that he knew he was required to notify

 13 A-5119-14T4
the out-of-jurisdiction agency of the Smith stop, but did not do

so. Isaacson was not a rookie police officer with limited

experience. He had approximately five years' experience with the

HPD at the time he stopped Smith and was consistently at the top

of the HPD list for issuing the most summonses. Having years of

experience, he knew or should have known of the out-of-jurisdiction

SOP.

 The hearing officer concluded, and the judge affirmed, that

Isaacson lied numerous times, violated the HPDRRs and SOPs, and

knowingly and willfully falsified public documents. The record

established that Isaacson acted inappropriately for a person

holding the public trust as a police officer, knew or should have

known of the HPDRRs and SOPs he violated, and knew or should have

known not to lie or make misrepresentations during the stop and

course of the internal affairs investigation and not to falsify

public documents. Isaacson's egregious conduct "call[ed] into

question his honesty, integrity, and truthfulness, essential

traits for a law enforcement officer." Ruroede, supra, 214 N.J.

at 362. His dishonesty was significant and potentially criminal.

See Isaacson v. Pub. Emp't Relations Comm., supra, (slip op. at

14-15). His conduct, and the disciplinary charges for which he

was convicted, clearly supported termination of his employment as

a police officer.

 14 A-5119-14T4
 III.

 The Township argues that the judge erred in awarding Isaacson

attorney's fees under N.J.S.A. 40A:14-155. We agree.

 We determined the attorney's fee issue on the merits in Twp.

of Hardyston v. Isaacson, supra, (slip op. at 14). If an issue

has been determined on the merits in a prior appeal, it cannot be

re-litigated in a later appeal of the same case, even if of

constitutional dimension. Washington Commons, LLC v. City of

Jersey City, 416 N.J. Super. 555, 564 (App. Div. 2010) (citation

omitted), certif. denied, 205 N.J. 318 (2011).

 In any event, we reiterate that to be entitled to

reimbursement of attorney's fees under the statute for a

disciplinary matter, the police officer must be acquitted of all

charges. Twp. of Waterford v. Babli, 158 N.J. Super. 569, 572,

(Cty. Ct. 1978), aff'd o.b., 168 N.J. Super. 18 (App. Div. 1979).

Because Isaacson was not acquitted of all disciplinary charges,

he was not entitled to attorney's fees under N.J.S.A. 40A:14-155.

 Reversed.

 15 A-5119-14T4