MICHAEL A. QUERQUES AND RONALD BUONOCORE, PLAIN-TIFFS-APPELLANTS, v. CITY OF JERSEY CITY, A MUNICI-PAL CORPORATION OF THE STATE OF NEW JERSEY, DE-FENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 8, 1985—Decided January 31, 1985.

Before Judges PRESSLER, BRODY and COHEN.

*Michael A. Querques,* Orange, argued *pro se* and for appellant, Ronald Buonocore (*Louis C. Esposito,* on the brief).

*Thomas P. Calvanico,* Assistant City Corporation Counsel, argued the cause for respondent (*Joseph Healy,* City Corporation Counsel, attorney; *Jay Hamill,* Assistant City Corporation Counsel, of counsel and on the brief).

PER CURIAM.

Plaintiff Ronald Buonocore was indicted on charges alleging wrongdoing on his part as president of the Jersey City Police Officers Benevolent Association (POBA). He retained plaintiff Michael Querques to represent him. After acquittal at trial, he demanded reimbursement from Jersey City for the $48,529 cost of his defense. He relied on *N.J.S.A.* 40A:14–155.

We affirm the summary judgment granted to defendant City, and the denial of summary judgment to plaintiffs, substantially for the reasons stated by the trial court in its opinion reported at 192 *N.J.Super.* 316 (Law Div.1983). We add the following only for emphasis.

■ Plaintiff Buonocore was indicted for offenses allegedly committed while he was acting as president of the POBA. The contract between the POBA and the City had a provision that required the police department to assign him to union business, except during emergencies, thus permitting Buonocore to perform his union responsibilities on public time. That does not justify a conclusion that criminal charges arising out of his union activities are charges "arising out of or incidental to the performance of his" police duties. *N.J.S.A.* 40A:14–155. For the purpose of this statute, he was not performing police duties.

He was acting pursuant to a contractual provision whose function was to have the City pay the POBA president's salary while he was on union business.

Similarly, the fact that only a police officer could be POBA president does not justify the conclusion that such criminal charges "would never have been made but for the fact that [he] was a police officer." *Moya v. New Brunswick*, 90 *N.J.* 491, 498 (1982). That fact may have been a necessary underlying condition, but it had no causal nexus with the unique vulnerability of police officers to criminal charges from which the legislature felt they deserved protection. *Moya v. New Brunswick*, 90 *N.J.* at 509.

Finally, we note that Counts 23 and 24 of the indictment against Buonocore charged him with misconduct as a police officer. Charges of criminal conduct that are not within *N.J. S.A.* 40A:14–155 are not changed in character by the grant jury's putting on them a label related to misconduct in public office. *Meyerson v. Bayonne*, 185 *N.J.Super.* 437 (App.Div. 1982); *Kauffman v. Glassboro*, 181 *N.J.Super.* 273 (App.Div. 1981), certif. den. 91 *N.J.* 523 (1982).

Affirmed.