271 N.J. Super. 544 (1994)
638 A.2d 1377
MICHAEL GABBIANELLI, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
TOWNSHIP OF MONROE, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 2, 1994.
Decided March 28, 1994.
*545 Before Judges Havey, A.M. Stein and A.A. Rodriguez.
Leo B. Dubler, attorney for appellant-cross-respondent (Mr. Dubler on the letter-briefs).
Ware, Streitz and Thompson, attorneys for respondent/cross-appellant (Gary D. Thompson on the brief).
The opinion of the court was delivered by HAVEY, J.A.D.
The issue raised by this appeal is whether plaintiff, a police officer employed by defendant Township of Monroe, is entitled to reimbursement for his counsel fees pursuant to N.J.S.A. 40A:14-155, where he ultimately prevailed in a disciplinary proceeding instituted by the Township. The infraction which caused the *546 Township to initiate the proceeding did not arise from the lawful exercise of plaintiff's police powers in furtherance of his official duties. Nevertheless, plaintiff argues that the plain language of the second part of N.J.S.A. 40A:14-155 compels reimbursement when a proceeding, in which the police officer prevails, is initiated by the municipality rather than by another entity. We disagree, and affirm the summary judgment dismissing plaintiff's complaint. We also affirm on the Township's cross-appeal from the denial of its claim under the frivolous claims statute, N.J.S.A. 2A:15-59.1.
On September 21, 1989, plaintiff appeared to testify before a Gloucester County Grand Jury in his capacity as a police officer. The charges being investigated involved an alleged aggravated assault and terroristic threat upon him by a third party.
While waiting to be called as a witness, plaintiff became "very agitated" and expressed an intention to leave. He told Assistant Prosecutor Keith Warburton that he was going to leave because he had been waiting since 9:00 a.m. and it was his day off. According to Warburton, plaintiff threatened to slap him if Warburton did not return to the grand jury room. Warburton thereupon instructed plaintiff to leave. Because of plaintiff's absence, the Grand Jury returned a "no bill" on the criminal charges being investigated.
As a result of the incident, the Township's Chief of Police initiated a disciplinary proceeding against plaintiff charging him with violating various provisions of the Township's police manual. A hearing officer found plaintiff guilty of the charges and recommended a ten-day suspension. The Merit System Board affirmed. Plaintiff thereupon filed an appeal before us. In an unpublished opinion, we held that the Chief's complaint was not filed within the forty-five day limitation period of N.J.S.A. 40A:14-147, and accordingly reversed. (A-1386-91T1).
Plaintiff filed the present action against the Township pursuant to N.J.S.A. 40A:14-155, demanding reimbursement for $14,866.83 incurred in counsel fees during the disciplinary proceeding and subsequent appeal. The motion judge granted the Township *547 summary judgment dismissing the complaint, concluding that since plaintiff's conduct was not directly related to the lawful exercise of police powers and in furtherance of his official duties, plaintiff was not entitled to reimbursement under the statute.
N.J.S.A. 40A:14-155 provides:
Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.
The language "and directly related to the lawful exercise of police powers in the furtherance of his official" duties was added in 1986 by the Legislature (L. 1985, c. 457 § 1) to "eliminate the coverage of this section for charges arising from acts outside the scope of police duties, but occurring in the course of the performance of those duties, and for `status charges.'" See Senate County & Mun. Gov't Comm., Statement to Senate Bill No. 1684 (1985). The amendment was in response to an interpretation of the preamendment version of the statute by the Supreme Court in Moya v. City of New Brunswick, 90 N.J. 491, 448 A.2d 999 (1982), where the Court expanded the municipality's obligation to reimburse police officers beyond the literal terms of the statute. See Sparkman v. City of Atlantic City, 237 N.J. Super. 623, 628-29, 568 A.2d 917 (App.Div. 1990). Thus, a police officer is now entitled to a "means for the defense" of an action or reimbursement for counsel fees only where he is "charged with an infraction arising from the lawful exercise of police powers in the furtherance of his official duties." Id. at 629, 568 A.2d 917. This is so even if the infraction or criminal act occurs while the officer is on duty. Bruno v. City of Atlantic City, 239 N.J. Super. 469, 474, 571 A.2d 1003 (App.Div.), certif. denied, 122 N.J. 165, 584 A.2d 231 (1990).
*548 Plaintiff does not contend that his confrontation with and threat against the Assistant Prosecutor arose out of and directly related to "the lawful exercise of police powers in the furtherance of his official duties." Indeed, plaintiff does not challenge the finding by the motion judge that:
It's clear to me that plaintiff's misconduct which preceded his testimony can't be deemed, in fact, I think it's conceded by [plaintiff's counsel] that it doesn't, arise out of and be directly related to the lawful exercise of police powers in the furtherance of plaintiff's official duties. [Plaintiff's] reasons for being obnoxious, threatening to assault the assistant prosecutor were personal and did not further his police duties.
We may therefore assume that had plaintiff been a defendant in any action or legal proceeding instituted by an entity other than the municipality arising from his conduct, he would not have pressed his claim for reimbursement of his counsel fees.
Rather, plaintiff advances before us a narrow statutory-interpretation argument. He points out that the statute has two parts. The first is contained in the initial sentence of N.J.S.A. 40A:14-155, which requires the municipality to provide a defense in any action against the officer, criminal or otherwise, except in a proceeding filed by the municipality. Plaintiff argues that the second part of the statute, the last sentence, unambiguously provides that if any disciplinary proceeding "instituted by or on complaint of the municipality" is dismissed, the officer "shall be reimbursed for the expense of his defense." Plaintiff asserts that it is only the first part of the statute, involving proceedings instituted by entities other than the municipality, that was tightened by the 1986 statutory amendment. Thus, he reasons, whether or not the infraction arises from the lawful exercise of police powers in the furtherance of his official duties, if the proceeding is initiated by the municipality and is dismissed, the municipality must reimburse.
Plaintiff's argument undercuts the legislative purpose of the 1986 amendment to the statute and would lead to absurd results. See Schierstead v. City of Brigantine, 29 N.J. 220, 231, 148 A.2d 591 (1959). Under plaintiff's reading, whether or not the police *549 officer is entitled to reimbursement depends solely on the identity of the complainant. But the legislative goal to the 1986 amendment was to deny a means for the defense of an action or reimbursement when the officer's infraction or criminal act is a "perversion" of, rather than in furtherance of his official duties. Bruno, 239 N.J. Super. at 473, 571 A.2d 1003. That goal is achieved by focusing on the nature of the police officer's conduct rather than who has initiated the proceeding against him. Indeed, even under the preamendment version of the statute, we held in Meyerson v. City of Bayonne, 185 N.J. Super. 437, 442-43, 449 A.2d 542 (App.Div.), certif. denied, 91 N.J. 567, 453 A.2d 879 (1982), that
notwithstanding the fact that the criminal proceedings here were initiated by a complaint signed by [the municipality] and determined in favor of [the police officer], we hold that [the officer] is not entitled to be reimbursed ... in defending against those charges because they did not arise out of nor were they incidental to the performance of [the police officer's] duties[.]
See also, Sparkman, 237 N.J. Super. at 629-30, 568 A.2d 917 (denial of police officer's demand for counsel fees incurred by him in defense of criminal charges returned by grand jury and disciplinary proceedings initiated by municipality).
Admittedly, the last part of N.J.S.A. 40A:14-155 is clear. It provides:
If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.

[(Emphasis added).]
However, the sentence was intended only to distinguish between a municipality's obligation to reimburse a police officer after a proceeding instituted by it is finally determined in the officer's favor, and its obligation to provide a defense to the officer at the outset of a proceeding instituted by some other entity. See Township of Edison v. Mezzacca, 147 N.J. Super. 9, 14, 370 A.2d 511 (App.Div. 1977). By speaking in terms of reimbursement, the sentence focuses on the municipality's obligation to pay costs already incurred by the officer in successfully defending against the municipality's complaint. This would include "the reasonable *550 fees of counsel selected by the officer, for the municipality could have no say in the choice of counsel to defend against charges made by it." Ibid.
In contrast, the first part of the statute pertains to the defense of actions other than those initiated by the municipality. Instead of focusing on reimbursement, it requires the municipality to provide "necessary means for the defense of such action or proceeding." In such cases, at the outset of the proceeding "the municipality must provide competent counsel, its own or outside counsel, or it may approve counsel requested by the officer[.]" Ibid. Thus, the municipality is provided with some control over costs, or at least is placed in a position to know in advance what those costs will be. Id. at 15, 370 A.2d 511.
Consequently, the two sentences, read together, simply construct a rational mechanism whereby the municipality reimburses the prevailing police officer in cases instituted by it, and provides a means of defense of those not so instituted. However, in either case, the message of the 1986 amendment is clear: the police officer will be entitled to reimbursement or counsel "only where he is charged with an infraction arising from the lawful exercise of police powers in the furtherance of his official duties." Sparkman, 237 N.J. Super. at 629, 568 A.2d 917.
Affirmed.