713 A.2d 993

ROBERT OCHES, APPELLANT–APPELLANT, v. TOWNSHIP OF
MIDDLETOWN POLICE DEPARTMENT, RESPONDENT–RE-
SPONDENT, AND MERIT SYSTEM BOARD, APPELLANT.

Argued February 2, 1998—Decided June 1, 1998.

*June K. Forrest*, Senior Deputy Attorney General, argued the cause for appellant Merit System Board (*Peter Verniero*, Attorney General of New Jersey, attorney; *Mary C. Jacobson*, Assistant Attorney General, of counsel).

*Steven A. Varano*, argued the cause for appellant Robert Oches.

*Bernard M. Reilly*, argued the cause for respondent (*Dowd & Reilly*, attorneys).

*Paul L. Kleinbaum*, submitted a brief on behalf of *amicus curiae*, New Jersey State Policemen's Benevolent Association (*Zazzali, Zazzali, Fagella & Nowak*, attorneys).

STEIN, J.

This appeal requires us to determine whether a provision of the Civil Service Act, and an implementing regulation, authorizing the award of counsel fees to a police officer exonerated in a disciplinary proceeding involving conduct not in furtherance of his official duties, can be reconciled with a provision in the statutes regulating municipal police forces that does not authorize such a counsel fee award.

Respondent Middletown Township, a civil service municipality, filed disciplinary charges against petitioner Robert Oches, a police officer in Middletown Township. In the course of those proceedings, an Administrative Law Judge (ALJ) and the Merit System Board (Board) exonerated Oches on the ground that the depart-

mental regulation he allegedly violated was inapplicable because the conduct on which the charges were based did not constitute action in furtherance of his official duties. The charges were eventually dismissed and, pursuant to *N.J.S.A.* 11A:2–22 and *N.J.A.C.* 4A:2–2.12, the Board awarded counsel fees to Oches.

*N.J.S.A.* 40A:14–155 provides that whenever a police officer is a defendant in any action or legal proceeding arising out of and directly related to the lawful exercise of police powers *in the furtherance of his or her official duties,* and if the proceedings are dismissed or determined in favor of the officer, the officer shall be reimbursed for defense expenses. Pursuant to *N.J.S.A.* 11A:2–22, the Board is authorized to award back pay, benefits, seniority, and reasonable attorney fees to an employee as provided by rule. The relevant regulation, *N.J.A.C.* 4A:2–2.12, provides: "The Merit System Board shall award partial or full reasonable counsel fees where an employee has prevailed on all or substantially all of the primary issues."

The Appellate Division reversed the Board's award of counsel fees, holding that *N.J.S.A.* 40A:14–155, rather than *N.J.S.A.* 11A:2–22, applied, and determining that because the two statutes were in conflict the more specific statute, *N.J.S.A.* 40A:14–155, must control. Because Oches had not acted in furtherance of his official duties, the court concluded that he was not entitled to reimbursement under *N.J.S.A.* 40A:14–155. This Court granted petitions for certification by Oches and the Board. 151 *N.J.* 75, 697 *A.*2d 547 (1997). We denied Middletown's petition for certification concerning whether Oches's disciplinary charges arose out of the performance of his official duties. 151 *N.J.* 75, 697 *A.*2d 547 (1997).

I

In June 1993, Middletown filed disciplinary charges against Oches, then a Police Lieutenant in the Middletown Township Police Department. Middletown alleged that Oches improperly tape recorded his promotion interview in violation of Middletown's

General Order # 80–2, which regulates police officers in the use of electronic surveillance equipment while in the performance of their duties. Oches waived a departmental hearing and was demoted to the position of "Police Sergeant." Oches appealed his demotion to the Board and a hearing was held before an ALJ. After hearing testimony, the ALJ concluded that because the tape recording incident occurred while Oches was participating in an interview concerning a potential promotion, Oches had not been performing his official duties when the conduct giving rise to the charges against him occurred. The ALJ determined that Oches should not have been disciplined because General Order # 80–2 specifically regulates police conduct only in the performance of official duties. The Board thereafter adopted the ALJ's findings of fact and conclusions of law, dismissed the charges against Oches, reinstated him to the position of Lieutenant, and awarded him counsel fees.

Middletown appealed. The Appellate Division affirmed the Board's dismissal of the charges on the ground that Oches was not performing official duties when the alleged misconduct occurred, but reversed the award of counsel fees. The court held that *N.J.S.A.* 40A:14–155 and *N.J.S.A.* 11A:2–22 were in conflict, and that because the former specifically addressed the award of counsel fees in police officer disciplinary matters it was the more specific of the two statutes and therefore governed. Concluding that Oches was not performing official duties when he taped the interview, the court determined that he was not entitled to counsel fees pursuant to *N.J.S.A.* 40A:14–155.

## II

When considering statutory provisions that relate to the same or similar subject matter, we make every effort to reconcile those laws that appear to be in conflict and attempt to interpret them harmoniously. *Loboda v. Township of Clark,* 40 *N.J.* 424, 435, 193 *A.*2d 97 (1963); *see also* 2B Norman J. Singer, *Sutherland Statutory Construction* § 51.02 at 122 (5th ed.1992)(stating that stat-

utes on same subject, "although in apparent conflict, are construed to be in harmony if reasonably possible").

*N.J.S.A.* 40A:14–155, which provides for the reimbursement of counsel fees to police officers who successfully defend themselves in proceedings arising out of conduct in furtherance of their official duties, states:

> Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.

We interpreted an earlier version of the same statute in *Moya v. City of New Brunswick*, 90 *N.J.* 491, 448 *A.*2d 999 (1982). In its previous form, *N.J.S.A.* 40A:14–155 required reimbursement of counsel fees when an officer was a defendant in any action "arising out of or incidental to the performance of his duties," rather than "arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties," as required by the present statute. See *id.* at 495, 448 *A.*2d 999. We held in *Moya* that although the police officer was off-duty during the alleged burglary of which he was acquitted, the charges were brought because of his status as a police officer. *Id.* at 498, 448 *A.*2d 999. We therefore concluded that Moya was entitled to reimbursement of counsel fees. *Id.* at 510–11, 448 *A.*2d 999.

After *Moya*, in 1985, the Legislature amended *N.J.S.A.* 40A:14–155 to replace the phrase "arising out of or incidental to the performance of his duties" with the words "arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties" as the type of conduct for which an exonerated police officer would be entitled to reimbursement. *L.* 1985, *c.* 457, § 1. The legislative history verifies the Legislature's intent to limit the type of charges for which reimbursement

would be provided under *N.J.S.A.* 40A:14–155. The statement accompanying the amendment provided:

> The purpose of this bill is to clarify the legislative intent with regard to the scope of the law requiring municipalities to pay for the defense of municipal police officers and to eliminate the impact of the recent opinion of the New Jersey Supreme Court in *Moya v. New Brunswick,* 90 *N.J.* 491 [448 *A.*2d 999] (1982), which expands the legislative coverage well beyond a literal reading of this statute as existing at the time of its decision.
>
> In the *Moya decision,* [sic] the Supreme Court, while acknowledging that the charges involved did not arise from the performance of the officer's duty, held that the officer, charged with conduct as a common burglar, directly opposite to that which he is [sic] hired to perform, and while not on duty was nevertheless entitled to reimbursement for legal expenses incurred in successfully defending himself against those charges, which were not initiated by or on behalf of the municipality.
>
> [*Statement to Senate Bill No. 1684, L.* 1985, c. 457 (May 14, 1985).]

Another statement to the same bill provided:

> Senate Bill No. 1684 would amend [*N.J.S.A.*] 40A:14–155 to clarify the scope of a municipality's obligation to provide for the defense, or reimburse the expense of defense, of members or officers of the municipal police department or force who are defendants in any action or legal proceeding. A number of decisions by the courts of this State have expanded the obligation imposed by the literal terms of this section to reach, not only charges of improper performance of police duties, but also charges arising from acts outside the scope of police duties, but occurring in the course of the performance of those duties, and charges arising solely from the person's status as a police officer. The bill would eliminate the coverage of this section for charges arising from acts outside the scope of police duties, but occurring in the course of the performance of those duties, and for "status charges."
>
> [Senate County and Municipal Government Committee, *Statement to Senate Bill No. 1684, L.* 1985, c. 457 (June 18, 1984).]

Courts have reviewed the legislative history of the amendment and agreed that the Legislature intended *N.J.S.A.* 40A:14–155 to authorize counsel fees only to police officers charged with infractions arising out of the lawful exercise of police powers in furtherance of their official duties. See *Gordon v. Borough of Middlesex,* 268 *N.J.Super.* 177, 182–83, 632 *A.*2d 1276 (App.Div.1993); *Sparkman v. City of Atlantic City,* 237 *N.J.Super.* 623, 628–29, 568 *A.*2d 917 (App.Div.), *certif. denied,* 121 *N.J.* 660, 583 *A.*2d 346 (1990). The plain language of *N.J.S.A.* 40A:14–155 makes clear that counsel fees are not available where the "acts of the officer, even though occurring at a time when the officer was coincidentally

performing official duties, were not occasioned by mere careless or overzealous performance of those duties, but rather by an ulterior illegal goal of the officer which actually constituted a perversion of his job." *Bruno v. City of Atlantic City,* 239 *N.J.Super.* 469, 473, 571 *A.*2d 1003 (App.Div.), *certif. denied,* 122 *N.J.* 165, 584 *A.*2d 231 (1990). However, concerning officers exonerated of charges arising out of the lawful exercise of police powers in the furtherance of official duties, *N.J.S.A.* 40A:14–155 by its terms guarantees reimbursement of counsel fees.

The ALJ found, and the Appellate Division agreed, that Oches was not acting in the performance of his official duties at the time of the alleged conduct that gave rise to the disciplinary proceedings. The issue is not before us and we do not question that conclusion. Moreover, we acknowledge that *N.J.S.A.* 40A:14–155 does not authorize an award of counsel fees to Oches. Although Oches was exonerated, the charges did not arise out of the lawful exercise of police powers in the furtherance of official duties as the statute requires.

That conclusion, however, does not end our inquiry. We next look to *N.J.S.A.* 11A:2–22, which Oches and the Board contend authorizes the Board to award reasonable counsel fees as provided by rule irrespective of whether charges arise out of official duties. *N.J.A.C.* 4A:2–2.12, promulgated pursuant to the Civil Service Act, provides that the Board shall award fees where an employee has prevailed on substantially all of the primary issues. Those provisions specifically apply to disciplinary appeals to the Board by all civil service employees under the authority of the Civil Service Act. Because Oches is an employee in a civil service municipality and he prevailed on substantially all of the issues in his disciplinary action, the plain language of the statute and implementing regulation indicate that the Board has the authority to grant him counsel fee reimbursement. We also note that pursuant to *N.J.S.A.* 34:13A–5.3, public employers and non-civil service employees may negotiate written policies setting forth disciplinary review procedures. Therefore, a collective bargaining agreement

between a non-civil service municipality and its police officers also could provide for reimbursement of counsel fees for officers who have disciplinary charges dismissed or resolved in their favor.

Middletown argues that because an award of counsel fees to Oches is not authorized under *N.J.S.A.* 40A:14–155, as amended in 1985, it is unlikely that the Legislature intended *N.J.S.A.* 11A:2–22, enacted in 1986, to authorize counsel fee reimbursement not specifically provided for by *N.J.S.A.* 40A:14–155. Middletown contends that the statutes conflict, and that because *N.J.S.A.* 40A:14–155 is the more specific statute it therefore controls. See *New Jersey Transit Corp. v. Borough of Somerville,* 139 *N.J.* 582, 591, 661 *A.*2d 778 (1995).

In our view, however, the statutes are not necessarily in conflict. *N.J.S.A.* 40A:14–155 does not purport to encompass the entire universe of police disciplinary proceedings. Rather, we understand *N.J.S.A.* 40A:14–155 to constitute a guarantee of counsel fee reimbursement when disciplinary or criminal charges, arising out of the lawful exercise of police powers in furtherance of official duties, are dismissed or resolved in favor of an officer. The statute does not forbid the awarding of fees by other statutes or in other contexts, and we infer that the statute does not purport to address a variety of circumstances in which an award of counsel fees to a police officer exonerated in a disciplinary proceeding would not offend the legislative objective that led to the 1985 amendment of *N.J.S.A.* 40A:14–155. Although *N.J.S.A.* 40A:14–155 itself does not provide for reimbursement when charges do not arise out of the lawful exercise of police powers, that statute does not preclude the Board from exercising its statutory authority to allow reimbursement under other circumstances that are not inconsistent with the legislative purpose underlying *N.J.S.A.* 40A:14–155.

A civil service employee may be subject to discipline for a wide range of activities, including, among other things: incompetency, inability to perform duties, chronic or excessive absenteeism or lateness, conviction of a crime, conduct unbecoming a public

employee, neglect of duty, and misuse of public property. *N.J.A.C.* 4A:2–2.3. As illustrated by this appeal, it is apparent that disciplinary charges may be filed against a civil service employee (or a police officer in a civil service municipality) for conduct that, because of its context, necessarily does not arise out of and directly relate to the lawful exercise of police powers in the furtherance of official duties, but nevertheless is not a dereliction of duty. For example, a charge of chronic or excessive absenteeism implies that the conduct occurred while an employee was off duty. Such disciplinary charges threaten serious consequences to civil service employees. The types of discipline that may be imposed on a civil service employee include removal, a disciplinary demotion, a suspension, or a fine. *N.J.A.C.* 4A:2–2.2. That a civil service employee facing removal, demotion, or comparable discipline would seek professional representation in disciplinary proceedings is clearly understandable.

We see no indication in the text or legislative history of *N.J.S.A.* 40A:14–155 that the Legislature intended to deny reimbursement of counsel fees to police officers who prevail on disciplinary charges arising out of allegations of relatively benign off-duty conduct such as absenteeism, tardiness, conduct unbecoming a police officer, or other off-duty conduct that is unrelated to the performance of official duties. Our dissenting colleagues mistakenly characterize the type of off-duty conduct for which counsel fee reimbursement may be permitted as conduct involving "the failure of an officer to perform his duties under such laws." *Post* at 23, 713 *A.*2d at 1004. To the contrary, when such disciplinary charges result in vindication of the police officer because of a failure of proof or other deficiencies in the evidence adduced by the public entity, the police officer's exoneration may result in a determination by the Board that the charges were meritless. In such instances, the Board obviously offends no legislative or public policy in exercising its *discretion* to award counsel fees. In such cases, we perceive no conflict between *N.J.S.A.* 40A:14–155 and *N.J.S.A.* 11A:2–22.

We acknowledge that there will be factual situations in which the statutes may conflict and that in those cases there would be no entitlement to reimbursement. When a police officer, rather than acting in furtherance of official duties, acts in dereliction of his or her official duties, that officer would not be entitled to reimbursement under *N.J.S.A.* 40A:14–155. Similarly, that officer would not be entitled to reimbursement under *N.J.S.A.* 11A:2–22 because in that instance awarding counsel fees pursuant to *N.J.S.A.* 11A:2–22 would thwart the legislative purpose underlying *N.J.S.A.* 40A:14–155.

This is not such a case. The courts below determined that Oches was not acting in the performance of his official duties when he taped his promotion hearing, and therefore was not in violation of General Order # 80–2, which specifically regulates police conduct only in the performance of official duties. That factual context, much like a case involving abuse of sick leave or other off-duty conduct, does not involve conduct contrary to, or a perversion of, a police officer's official duties and therefore does not undermine the legislative objective reflected in *N.J.S.A.* 40A:14–155.

For purposes of determining a police officer's entitlement to counsel fee reimbursement pursuant to *N.J.S.A.* 40A:14–155, that statute permits the award of counsel fees to a police officer exonerated of disciplinary charges related to work done in furtherance of official police duties. That statute, together with its legislative history, should be understood to deny an award of counsel fees to police officers exonerated of charges arising from acts that occur in the course of performing official duties but that do not constitute acts in furtherance of official duties, or charges arising merely from a person's status as a police officer. The plain legislative objective was to deny counsel fee reimbursement for charges brought against police officers based on allegedly unlawful or extraneous conduct that occurred while the officer was on duty, and to deny counsel fee reimbursement for charges arising solely from a person's status as a police officer. *See, e.g., Bruno, supra,* 239 *N.J.Super.* at 473–74, 571 *A.2d* 1003 (denying

counsel fee reimbursement to on-duty officer who allegedly took and distributed cocaine from impounded car and concluding that Legislature intended to deny reimbursement where acts charged, although directly related to official duties, could not be viewed as related to lawful exercise of police powers and in furtherance of official duties); *Sparkman, supra,* 237 *N.J.Super.* at 629, 568 *A.*2d 917 (denying counsel fee reimbursement to officer who allegedly failed to arrest persons using and possessing narcotics at a party attended by officer and concluding that charges stemmed solely from officer's status and did not arise from conduct for which Legislature intended reimbursement). There is no indication, however, that the distinction in the availability of counsel fee awards made in *N.J.S.A.* 40A:14–155 contemplates the denial of counsel fee reimbursement for police officers who are exonerated of disciplinary charges for benign, off-duty conduct that does not constitute a perversion of official duties.

If possible we are obligated to reconcile and harmonize facially inconsistent statutes relating to the same subject matter. *Loboda, supra,* 40 *N.J.* at 435, 193 *A.*2d 97; *City of Clifton v. Passaic Cty. Bd. of Taxation,* 28 *N.J.* 411, 421, 147 *A.*2d 1 (1958). Consistent with that obligation, we read *N.J.S.A.* 11A:2–22 as a statute affecting all civil service employees, and with respect to police officers as supplementary to the right of reimbursement guaranteed by *N.J.S.A.* 40A:14–155 but not in all circumstances inconsistent with the legislative intent underlying *N.J.S.A.* 40A:14–155. We recognize the Board's authority to award reimbursement to police officers when to do so would not conflict with *N.J.S.A.* 40A:14–155. Although a counsel fee award to Oches is not specifically authorized pursuant to *N.J.S.A.* 40A:14–155, we sustain the Board's award of counsel fees to Oches pursuant to *N.J.S.A.* 11A:2–22 and *N.J.A.C.* 4A:2–2.12. Needless to say, we agree that although the conduct engaged in by Oches was not specifically proscribed by General Order #80–2, that conduct breeds distrust among the closely-knit members of a police de-

partment. Middletown is free to amend its General Order to clarify its ban on such conduct.

We reverse the judgment of the Appellate Division.

GARIBALDI, J., dissenting.

*N.J.S.A.* 40A:14–155 prohibits the reimbursement of counsel fees from a municipality to a municipal police officer for those actions that do not arise out of and are not "directly related to the lawful exercise of police powers in the furtherance of his official duties." The majority acknowledges that Robert Oches was not acting in the performance of his official duties at the time of his alleged disciplinary conduct and, therefore, that he is not entitled to be reimbursed for his legal fees under *N.J.S.A.* 40A:14–155. Despite the plain language of *N.J.S.A.* 40A:14–155, its legislative history, and case law, the majority nevertheless holds that Oches can be reimbursed under *N.J.S.A.* 11A:2–22 and *N.J.A.C.* 4A:2–2.12, which together permit the award of legal costs to any civil service employee who successfully defends himself in a disciplinary action. The majority finds that *N.J.S.A.* 40A:14–155 and *N.J.S.A.* 11A:2–22 can be read in *pari materia.* I disagree. Because the Legislature intended to strictly circumscribe the instances in which a police officer could be reimbursed for the costs of his defense, the two statutes are in conflict, and effect cannot be given to both. Rather, as the more specific statute, *N.J.S.A.* 40A:14–155 must prevail. Therefore, I would affirm the Appellate Division and deny an award of counsel fees to Oches.

I.

In 1990, Robert Oches, a Lieutenant in the police department of the Township of Middletown ("Township"), a civil service municipality, sought a promotion to the position of Captain. Oches was denied that promotion and appealed that decision. In 1992, while Oches's first appeal was pending, he again sought and was denied another promotion to the position of Captain. Once more, Oches contested his promotional denial. Oches's second suit was consoli-

dated with his prior appeal and, after an initial decision by an Administrative Law Judge ("ALJ") and a subsequent remand by the Merit System Board ("Board" or "MSB"), the ALJ sustained and the MSB affirmed those police department promotional decisions.

During the hearings on Oches's promotional appeals, it became known that Oches had surreptitiously recorded his interview for the second promotion with a tape-recorder he had hidden in his pocket. As a result of Oches's taping incident, the Township instituted disciplinary charges against him for violating the police department's General Order # 80–2. That order, promulgated in 1980, forbids police officers from using wiretap or other electronic surveillance equipment while in the performance of their duties without the approval of the Police Chief or the Monmouth County Prosecutor. After waiver of a departmental hearing, Oches was found guilty of the charges and was demoted to the position of Sergeant.

Oches appealed his demotion and an ALJ dismissed all charges against him. The ALJ held that Oches was not performing any police duties or functions while he was being interviewed for the promotion and, thus, that he did not violate the Department's General Order. The MSB, after affirming that dismissal of the charges against Oches, ordered that Oches be reinstated to his position as Lieutenant; granted him differential back pay, benefits, and seniority for the period of his demotion; and finally, awarded him counsel fees pursuant to *N.J.S.A.* 11A:2–22 and *N.J.A.C.* 4A:2–2.12. The Township appealed MSB's ruling.

The Appellate Division affirmed the Board's dismissal of the disciplinary charges against Oches, but reversed the Board's award of counsel fees. The Appellate Division concluded that there was sufficient, credible evidence for the ALJ to have found that Oches was not performing any of his official duties at the time of the taping incident. Thus, Oches did not violate General Order # 80–2. On the counsel fee issue, however, the Appellate Division held that *N.J.S.A.* 40A:14–155, which expressly applies to police

officers, conflicted with *N.J.S.A.* 11A:2–22, which applies to all civil service employees, and that, as the more specific of the two provisions, *N.J.S.A.* 40A:14–155 should control. Because the court had already found that Oches was not performing any police functions while he was being interviewed for the promotion, the Appellate Division concluded that, under *N.J.S.A.* 40A:14–155, Oches was not entitled to reimbursement for any counsel fees. I agree and, therefore, dissent from the majority's holding permitting the repayment of legal costs to Oches.

## II.

The majority properly concludes that, because Oches was not acting in the performance of his official duties at the time of his alleged disciplinary conduct, *N.J.S.A.* 40A:14–155 does not authorize the reimbursement of his defense expenses. The majority maintains, however, that Oches can still be awarded counsel fees under *N.J.S.A.* 11A:2–22 because to confer such an award in his case would not violate the legislative intent behind *N.J.S.A.* 40A:14–155. Under the majority's interpretation of that legislative intent, *N.J.S.A.* 40A:14–155 constitutes a guarantee of attorney's fees in performance of duty situations, but does not prohibit a refund of legal costs under *N.J.S.A.* 11A:2–22 to civil service policemen who prevail in disciplinary actions based on "relatively benign, off-duty conduct such as absenteeism, tardiness, conduct unbecoming a police officer, or other off-duty conduct that is unrelated to the performance of official duties." *Ante* at 10, 713 *A.*2d at 997. The majority's interpretation of *N.J.S.A.* 40A:14–155 defeats the legislative goal in enacting that statute.

## A.

Statutes are to be interpreted according to their ordinary and general meaning. *Merin v. Maglaki,* 126 *N.J.* 430, 434, 599 *A.*2d 1256 (1992). In that regard, a court should not construe a statute so as to render any part of its language inoperative, meaningless, or superfluous. *In re Schuman,* 114 *N.J.* 14, 26, 552 *A.*2d 602

(1989); *Medical Soc'y of New Jersey v. New Jersey Dep't of Law & Pub. Safety*, 120 *N.J.* 18, 26–27, 575 *A.*2d 1348 (1990). At the same time, however, a statute must also be interpreted in light of its legislative history and purpose. *Merin, supra*, 126 *N.J.* at 434–35, 599 *A.*2d 1256. To determine that purpose, a court must consider the "entire legislative scheme of which [that statute] is a part," *Kimmelman v. Henkels & McCoy, Inc.*, 108 *N.J.* 123, 129, 527 *A.*2d 1368 (1987), including the objectives of the legislation, the nature of the subject matter, the contextual setting, and any expressions of public policy. *In re N.M.*, 96 *N.J.Super.* 415, 422, 233 *A.*2d 188 (App.Div.1967).

A review of the plain language and the legislative history of *N.J.S.A.* 40A:14–155 establishes that the Legislature did not intend municipalities to reimburse police officers for legal fees they incur for actions that do not arise out of the performance of their official duties. *N.J.S.A.* 40A:14–155 explicitly provides that, when a member or officer of a municipal police department is a defendant in a disciplinary proceeding *"arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties,"* and that proceeding is dismissed or finally determined in the officer's favor, the governing body shall reimburse him for the expense of his defense. (emphasis added). By its terms, the language of that statute sets forth a strict standard. For reimbursement to be provided, *N.J.S.A.* 40A:14–155 mandates that an alleged infraction directly pertain to the performance of police functions; any other interpretation would render the language of that statute superfluous or meaningless. Therefore, by its plain and ordinary meaning, the language of the statute bars reimbursement for the types of allegedly benign, off-duty conduct that the majority would recompense.

The legislative history of *N.J.S.A.* 40A:14–155 and case law support that conclusion. Before 1985, the language of *N.J.S.A.* 40A:14–155 differed from its current version. At that time, the statute required an award of counsel fees where an officer successfully defended himself in a disciplinary action *"arising out of or*

*incidental to the performance of his duties.*" *Moya v. City of New Brunswick,* 90 *N.J.* 491, 495, 448 *A.*2d 999 (1982) (emphasis added). The language in that former version is clearly broader than that contained in the present statute, thereby demonstrating the Legislature's intent to limit the type of charges for which counsel fee reimbursement may be provided.

In amending *N.J.S.A.* 40A:14–155, the Legislature specifically rejected this Court's expansive approach to the statute taken in *Moya, supra,* 90 *N.J.* 491, 448 *A.*2d 999, and *Valerius v. City of Newark,* 84 *N.J.* 591, 423 *A.*2d 988 (1980). In those cases, we reimbursed police officers under the prior version of *N.J.S.A.* 40A:14–155 for counsel fees incurred in successfully defending themselves against allegations of criminal misconduct and police corruption. *Moya, supra,* 90 *N.J.* at 493–94, 448 *A.*2d 999; *Valerius, supra,* 84 *N.J.* at 593, 423 *A.*2d 988. Because the officers were acquitted, and thus the charges against them assumed to have been false, the Court concluded that the charges were brought presumably because of their status as police officers. *Moya, supra,* 90 *N.J.* at 498, 448 *A.*2d 999; *Valerius, supra,* 84 *N.J.* at 596–97, 423 *A.*2d 988. To increase the morale of police departments and to encourage the effective pursuit of police duties, we held in *Moya, supra,* that officers should be awarded counsel fees whenever they must respond to unfair charges brought solely because of their identity. 90 *N.J.* at 500–01, 448 *A.*2d 999. Noting the "unique vulnerability" of police officers to such charges by the very nature of their occupation, *id.* at 501, 448 *A.*2d 999, the Court declared that it would be " 'the height of unfairness' . . . if a colleague, put to great expense in defending a . . . misconduct charge (such as that charged against Moya) were denied reimbursement for counsel fees after being exonerated of the charges." *Id.* at 505–06, 448 *A.*2d 999 (quoting *Valerius, supra,* 84 *N.J.* at 598, 423 *A.*2d 988).

In both *Moya, supra,* and *Valerius, supra,* we acknowledged that our interpretation of *N.J.S.A.* 40A:14–155 transcended a literal reading of the statute, but we justified that expansion on

grounds of policy and legislative intent. 90 *N.J.* at 500, 448 *A.*2d 999, 84 *N.J.* at 598, 423 *A.*2d 988. By amending *N.J.S.A.* 40A:14–155, however, the Legislature expressed its clear disapproval of the Court's inclusive approach. As observed by the majority, the statute's sponsor stated:

> The purpose of this bill is to clarify the legislative intent with regard to the scope of the law requiring municipalities to pay for the defense of municipal police officers and to eliminate the impact of the recent opinion of the New Jersey Supreme Court in *Moya v. New Brunswick,* 90 *N.J.* 491 [448 *A.*2d 999] (1982), which expands the legislative coverage well beyond a literal reading of this statute as existing at the time of its decision.
>
> [*Statement to Senate Bill No. 1684, L.* 1985, *c.* 457 (May 14, 1984).]

The Committee Statement also reads:

> A number of decisions by the courts of this State have expanded the obligation imposed by the literal terms of this section.... The bill would eliminate the coverage of this section for charges arising from acts outside the scope of police duties, but occurring in the course of the performance of those duties, and for "status charges."
>
> [Senate County and Municipal Government Committee, *Statement to Senate Bill No. 1684, L.* 1985, *c.* 457 (June 18, 1984).]

Just as the Legislature was dissatisfied with this Court's expansion of the literal terms of *N.J.S.A.* 40A:14–155 in *Moya, supra,* and *Valerius, supra,* so too will the Legislature be dissatisfied with the majority's extension of that statute in today's opinion. The majority holds that the reimbursement of costs incurred defending charges relating to off-duty conduct, such as absenteeism, does not offend the legislative purpose of the statute. Not only does that non-literal holding contradict the express statements of the Legislature, but the few Appellate Division cases interpreting the amendment to *N.J.S.A.* 40A:14–155 have all found it to mandate a much stricter standard.

In *Sparkman v. City of Atlantic City,* after reviewing the pre-amendment cases and the legislative history of the amendment, the Appellate Division concluded that under the new statute "it is perfectly plain that a police officer is entitled to ... reimbursement only where he is charged with an infraction arising from the lawful exercise of police powers in the furtherance of his official duties." 237 *N.J.Super.* 623, 626–29, 568 *A.*2d 917, *certif. denied,*

121 *N.J.* 660, 583 *A.*2d 346 (1990). According to the court, "[a] police officer is not entitled to counsel fees where the proceedings arise as a result of his failure to perform his official duties." *Id.* at 629, 568 *A.*2d 917. Thus, the court held that the plaintiff was not entitled to counsel fees where he was charged with official misconduct and conspiracy to commit official misconduct for attending a private party where illegal drugs were used and failing to arrest the participants. *Ibid.*

In another case, the Appellate Division held that merely being on duty at the time of a charged incident (officer's alleged theft and use of illegal drugs and failure to arrest on that basis) was not enough to entitle an officer to reimbursement of counsel fees. *Bruno v. City of Atlantic City,* 239 *N.J.Super.* 469, 473–74, 571 *A.*2d 1003, *certif. denied,* 122 *N.J.* 165, 584 *A.*2d 231 (1990). The court believed that the Legislature intended to eliminate reimbursement where the acts of the officer, even though occurring "at a time when the officer was coincidentally performing official duties, were not occasioned by mere careless or overzealous performance of those duties, but rather by an ulterior illegal goal of the officer which actually constituted a perversion of his job." *Id.* at 473, 571 *A.*2d 1003.

Similarly, in *Gabbianelli v. Township of Monroe,* 271 *N.J.Super.* 544, 546, 638 *A.*2d 1377 (App.Div.), *certif. denied,* 137 *N.J.* 307, 645 *A.*2d 136 (1994), the court denied reimbursement of attorney's fees to a police officer who prevailed in a disciplinary action instituted by his township as a result of that officer's confrontation with an assistant prosecutor while acting in his capacity as a police officer. Observing that the officer's conduct did not arise from the lawful exercise of police powers in furtherance of his official functions, the court stated that the "legislative goal to the 1986 amendment was to deny a means for the defense of an action or reimbursement when the officer's infraction or criminal act is a 'perversion' of, rather than in furtherance of, his duties." *Id.* at 546, 549, 638 *A.*2d 1377 (citing *Bruno, supra,* 239 *N.J.Super.* at 473, 571 *A.*2d 1003).

Finally, in *Gordon v. Borough of Middlesex,* the court reversed a grant of summary judgment where the plaintiff was charged with unauthorized access to the computer system at the police department and with obtaining data for his personal use. 268 *N.J.Super.* 177, 183, 186, 632 *A.2d* 1276 (App.Div.1993). Because the officer was on duty at the time, and because it was within his duty as desk sergeant both to obtain the names of people who came into the department and to use the department's computer, the court found that a factual issue existed as to whether, in using the computer to discover the names of two witnesses who arrived that night, Gordon was "acting to carry out that duty or was merely using the duty as a pretext for the surreptitious purpose of obtaining information to aid his fellow patrolman." *Id.* at 181, 183, 632 *A.2d* 1276. The court noted that if his effort "was to obtain information for his own personal use, he may not recover." *Id.* at 186, 632 *A.2d* 1276.

Some pre-amendment cases also demonstrate that *N.J.S.A.* 40A:14–155 was intended to be strictly construed. The court in *Kauffman v. Borough of Glassboro,* for example, found that where the plaintiff allegedly stole an aluminum storage shed from the shopping center he was assigned to patrol, he was not entitled to attorney's fees because, even though he was on duty, he acted as a "common burglar, something which was not even colorably related to the performance of his duties." 181 *N.J.Super.* 273, 275, 277, 437 *A.2d* 334 (App.Div.1981), *certif. denied,* 91 *N.J.* 523, 453 *A.2d* 847 (1982). Even before the change in language in the statute, the court declared that "it is our view that the statute contemplates a criminal charge which at least suggests the exercise of police powers in the furtherance of official duties." *Id.* at 277, 437 *A.2d* 334. Similarly, and particularly appropriate to the case at hand, the court in *Borough of Highlands v. Davis* held that the intent of the Legislature in passing the earlier version of *N.J.S.A.* 40A:14–155 was to protect a police officer when his conduct in office was questioned, but not to give protection for actions challenging a police officer's appointment or promotion. 124 *N.J.Super.* 217, 227, 305 *A.2d* 814 (Law Div.1973); *see also Newark v. Bellezza,*

159 *N.J.Super.* 123, 126, 129, 387 *A.*2d 378 (App.Div.1978) (finding that, where action instituted against officer with back injuries to determine physical capability to continue to perform duties, there was no intent in former statute to provide reimbursement of expenses).

Further evidence that the amendment was intended by the Legislature to initiate a substantive change in the provision of counsel fees for municipal police are the texts of other counsel fee reimbursement statutes, each of which contain language less specific and stringent than in the current *N.J.S.A.* 40A:14–155 and more like that in its former version. Firemen and county police officers, for example, are to be reimbursed if they prevail in disciplinary proceedings "arising out of or incidental to the performance of [their] duties," *N.J.S.A.* 40A:14–28, *N.J.S.A.* 40A:14–117, and persons employed under the jurisdiction of any board of education are to be provided the costs of defending themselves in civil actions "for any act or omission arising out of and in the course of the performance of the duties of such office," *N.J.S.A.* 18A:16–6. That those other counsel fee statutes, which also cover personnel who may be civil service employees, incorporate more flexible counsel fee reimbursement criteria than *N.J.S.A.* 40A:14–155 suggests that the Legislature intended to treat municipal police officers differently.

The above authority amply demonstrates that the Legislature intended the current version of *N.J.S.A.* 40A:14–155 to constitute a strict reimbursement standard. *Moya, supra,* had expanded *N.J.S.A.* 40A:14–155 by providing reimbursement for status charges. 90 *N.J.* at 500, 448 *A.*2d 999. In amending the statute and overruling *Moya, supra,* however, the Legislature intended to do more than just eliminate reimbursement for infractions brought solely because of one's identity. *See Gordon, supra,* 268 *N.J.Super.* at 184, 632 *A.*2d 1276 ("Even where the activities are more than mere 'status' charges, entitlement to reimbursement for legal fees is not automatic."); *Bruno, supra,* 239 *N.J.Super.* at 473, 571 *A.*2d 1003 (finding that, just because charges against defendant

cannot be classified as mere "status" offenses, it "does not necessarily follow ... that reimbursement is therefore mandated"). As the cases show, the Legislature intended to deny counsel fees for any charges based on personal conduct or personal gain, or conduct that constitutes a perversion or dereliction of one's duties as a police officer. Indeed, the statute and its legislative history call for a literal interpretation of the statutory language.

### B.

Contrary to the majority opinion, therefore, I believe that the Legislature intended to provide reimbursement for counsel fees *only where* an officer is charged with an infraction arising out of and directly related to the exercise of official police powers, such as using excessive force during a lawful arrest. *See Moya, supra,* 90 *N.J.* at 499 n. 2, 503, 448 *A.*2d 999 (finding that using excessive force during arrest is clearest and most common performance of duty situation). In *Van Horn v. City of Trenton,* 80 *N.J.* 528, 537, 404 *A.*2d 615 (1979), a pre-amendment case, we observed that "the Legislature ... was obviously attempting to minimize the intrusion of [the concern over having to pay their own legal expenses] into the momentary decisions which police officers are continually required to make." That legislative purpose only makes sense when counsel fees are awarded in performance of duty situations. As a result, *N.J.S.A.* 40A:14–155 was not meant to be a simple guarantee of reimbursement in official duty situations nor was it meant to give courts *carte blanche* to grant fees in other contexts under other statutes. Rather, the legislative intent of the statute was to restrict the type of situations in which reimbursement could be provided.

Allegedly "benign, off-duty conduct," such as absenteeism or tardiness, does not arise out of nor specifically relate to an officer's lawful exercise of police powers in the furtherance of his official duties. *Ante* at 12, 713 *A.*2d at 997. For that reason alone, awarding counsel fees for such benign, off-duty conduct would offend the statute's purposes. Moreover, in contrast to

what the majority suggests, I believe that such conduct constitutes a dereliction of one's duties as a police officer and is exactly the type of situation for which reimbursement is prohibited. A police officer's duties have been described as " 'enforcement of the penal laws, including prevention of violations and the detection and arrest of offenders,' " the "prevent[ion of] crime and preserv[ation of] the peace," and the " 'administration of public duties.' " *Querques v. City of Jersey City,* 192 *N.J.Super.* 316, 324–25, 469 *A.*2d 979 (Law Div.1983) (citations omitted) (denying reimbursement of attorney's fees for police officer who was criminally indicted and later acquitted of charges arising out of his conduct as PBA president), *aff'd,* 198 *N.J.Super.* 566, 487 *A.*2d 1285 (App.Div.), *certif. denied,* 101 *N.J.* 242, 501 *A.*2d 917 (1985). The various actions cited by the majority as "benign, off-duty conduct" do not involve the enforcement of the penal laws, but rather the failure of an officer to perform his duties under such laws. Based on the history and construction of *N.J.S.A.* 40A:14–155, and contrary to the majority opinion, reimbursement for charges brought for allegedly benign, off-duty conduct violates the legislative purpose of the statute.

## C.

Consistent with that approach, the disciplinary charges against Oches did not directly pertain to the lawful exercise of police powers in the furtherance of his official duties. Rather, they were personal charges that related to Oches's private conduct for his own purposes in the context of his interview. In fact, Oches's surreptitious recording of his superior officers was actually a perversion of his duties, namely the orderly maintenance of the police department hierarchy. Even the majority agrees that Oches's conduct does not qualify for reimbursement under *N.J.S.A.* 40A:14–155. Therefore, by reimbursing him under another statute, the majority offends the legislative purpose behind *N.J.S.A.* 40A:14–155, which is to eliminate reimbursement for precisely that type of conduct.

### III.

Because *N.J.S.A.* 40A:14–155 would prohibit an award of counsel fees to Oches, that statute conflicts with *N.J.S.A.* 11A:2–22, which, by its terms, would permit such an award in this case. *N.J.S.A.* 11A:2–22, which is part of the Civil Service Act ("Act"), provides for the payment of counsel fees for all civil service employees. That statute states: "The board may award back pay, benefits, seniority and reasonable attorney fees to an employee as provided by rule." *N.J.S.A.* 11A:2–22. *N.J.A.C.* 4A:2–2.12(a), promulgated pursuant to that Act, provides that "[t]he Merit System Board shall award partial or full reasonable counsel fees where an employee has prevailed on all or substantially all of the primary issues" in a disciplinary action.

The broad language in *N.J.S.A.* 11A:2–22, which permits an award of counsel fees to a civil service police officer exonerated of disciplinary charges, regardless of whether the charges arise out of the performance of his duties, clashes with the strict interpretation that the Legislature has given *N.J.S.A.* 40A:14–155. The history and intent behind *N.J.S.A.* 40A:14–155 show that that statute was meant to restrict the award of legal costs to municipal police officers. Granting counsel fees for allegedly benign, off-duty conduct under the authority of the Civil Service Act offends the legislative purposes behind *N.J.S.A.* 40A:14–155. Accordingly, the two statutes cannot be reconciled under the facts of this case.

This Court has held that, "when two statutes conflict, the more specific controls." *New Jersey Transit Corp. v. Borough of Somerville*, 139 *N.J.* 582, 591, 661 *A.2d* 778 (1995). In that case, the Court found that the more detailed statute governing appeals of property tax assessments governed over the more general statute regarding extended limitations periods for all civil actions commenced by the State because the latter statute did not "specifically delineate which State actions are governed by the statute and which are not. Rather, that statute applies generally to all State claims not expressly controlled by other statutory limitations periods." *Ibid.; see also Township of Hopewell v. Gruchowski*, 29

*N.J.Super.* 605, 609, 103 *A.2d* 177 (Law Div.1954) ("[W]here the Legislature has provided for a subject specifically in an act, this specific treatment will not ordinarily be deemed to have been contradicted or altered by a general act."). In this case, the strict, narrow requirements of *N.J.S.A.* 40A:14–155 are more specific than the general reimbursement criteria of *N.J.S.A.* 11A:2–22 and *N.J.A.C.* 4A:2–2.12. On that fact alone, I find that *N.J.S.A.* 40A:14–155 should control.

*N.J.S.A.* 40A:14–155 also prevails because, if the MSB can award counsel fees to civil service policemen under *N.J.S.A.* 11A:2–22, regardless of the restrictions in *N.J.S.A.* 40A:14–155, it would render those restrictions superfluous and meaningless for a large percentage of the policemen the statute was intended to cover. *See In re Schuman, supra,* 114 *N.J.* at 26, 552 *A.2d* 602; *Medical Soc'y, supra,* 120 *N.J.* at 26–27, 575 *A.2d* 1348. Such an absurd construction is meant to be avoided. *See State v. Provenzano,* 34 *N.J.* 318, 322, 169 *A.2d* 135 (1961).

Moreover, *N.J.S.A.* 40A:14–155 was amended, effective January 15, 1986, to limit the authority to award attorney's fees to disciplined police officers and to preclude such awards definitively for charges arising from acts outside the scope of police duties. *P.L.* 1985, *c.* 457. *N.J.S.A.* 11A:2–22 was enacted a few months later, effective September 25, 1986. *P.L.* 1986, *c.* 112. To conclude that the Legislature would adopt such a strong law limiting policemen's counsel fee awards in late 1985, and then adopt a liberal formulation for police officers in civil service jurisdictions only a few months later, makes no sense. Police officers in a civil service municipality, where, according to the majority, the MSB may grant counsel fees under *N.J.S.A.* 11A:2–22, should not be treated any differently from police officers in a non-civil service municipality who would not be entitled to reimbursement under *N.J.S.A.* 40A:14–155.[1]

---

[1] At oral argument we were informed that seventy-five percent of municipal police departments are not covered by the Civil Service Act.

I recognize that under my ruling police officers covered by civil service would be treated differently than other civil service employees. Nevertheless, the courts and the Legislature have long recognized that police officers are unique from other personnel and, accordingly, are treated differently than those employees. *See, e.g., State v. State Troopers Fraternal Ass'n,* 134 *N.J.* 393, 395, 417–18, 634 *A.*2d 478 (1993) (holding that statute mandating collective negotiation of procedures to review disciplinary determinations did not apply to state troopers because "negotiatiability of such procedures would infringe unacceptably on one of the most important managerial prerogatives of the Superintendent [of State Police]"); *Irvington PBA v. Town of Irvington,* 170 *N.J.Super.* 539, 545–46, 407 *A.*2d 377 (App.Div.1979) (taking "judicial[ ] notice that the role of the police in every community has always been of extreme importance to our social well-being" and noting that in "obscure area of what constitutes a managerial prerogative, the importance of managing a police department cannot be equated with the need of a board of education to unilaterally fix the working hours of its secretaries"), *certif. denied,* 82 *N.J.* 296, 412 *A.*2d 801 (1980); *Borough of Atlantic Highlands v. Atlantic Highlands PBA,* 192 *N.J.Super.* 71, 75–76, 469 *A.*2d 80 (App.Div. 1983) (noting "special position of policemen" and finding work schedule of police non-negotiable because such negotiation "would be an intrusion on the exercise of the express and inherent police power functions of the municipality and would significantly interfere with the exercise of the inherent managerial prerogatives necessary to the proper operation of a police force"); *Township of Moorestown v. Armstrong,* 89 *N.J.Super.* 560, 566, 215 *A.*2d 775 (App.Div.1965) (noting that "[i]t must be recognized that a police officer is a special kind of public employee"), *certif. denied,* 47 *N.J.* 80, 219 *A.*2d 417 (1966); *Perrapato v. Rose,* 83 *N.J.Super.* 245, 249, 199 *A.*2d 385 (App.Div.1964) (holding that civil service policemen ... are entitled to review of suspensions that allegedly violated *N.J.S.A.* 40:47–6, even though such suspensions were not entitled to review under the Civil Service Act, because it is "not inconsistent that [that] class[ ] of municipal employees [is] the

subject of special legislative treatment with regard to matters of tenure, discipline, etc.").

We reiterate that when the Legislature amended *N.J.S.A.* 40A:14–155 to provide a stricter standard for the reimbursement of counsel fees for municipal police officers, it did not amend the statutes relating to municipal firemen, county police officers, or board of education employees, leaving them with a less strict standard. *N.J.S.A.* 40A:14–117; *N.J.S.A.* 18A:16–6; *N.J.S.A.* 40A:14–28; *Bower v. Board of Educ.*, 149 *N.J.* 416, 430, 694 *A.*2d 543 (1997). The Legislature also enacted an entire scheme of legislation to govern the treatment of municipal police officers, a scheme that differs in various respects from the treatment to be afforded other public employees. *N.J.S.A.* 40A:14–118 to –173. Therefore, although the Civil Service Act provides for the equal treatment of all civil service employees, *N.J.S.A.* 11A:1–2, it seems that the Legislature intended police officers at times to be an exception to that rule.

Furthermore, because the Legislature is assumed to be aware of existing laws when it passes subsequent enactments, if the Legislature intended to render *N.J.S.A.* 40A:14–155 inapplicable to civil service employees, it would have stated so when it subsequently amended the civil service provision, for implied repealers are disfavored. *See Township of Mahwah v. Bergen County Bd. of Taxation*, 98 *N.J.* 268, 279–81, 486 *A.*2d 818, *cert. denied*, 471 *U.S.* 1136, 105 *S.Ct.* 2677, 86 *L. Ed.*2d 696 (1985); *State v. Dalglish*, 86 *N.J.* 503, 512, 432 *A.*2d 74 (1981) ("In the absence of a clear manifestation to the contrary, we shall not impute to the Legislature an intention to change established law."). Moreover, other sections of Title 40A state that they are only applicable where the Civil Service laws are not; the absence of such a provision in *N.J.S.A.* 40A:14–155 indicates that that statute governs even where the Civil Service Act might otherwise be applicable. *See N.J.S.A.* 40A:14–129; *N.J.S.A.* 40A:14–130.

Finally, general agency principles provide that administrative actions cannot alter the terms of any statute, nor can they violate

legislative policies. *Medical Soc'y, supra,* 120 *N.J.* at 25, 575 *A.*2d 1348. One court in particular has stated that "[t]he Board is required to act in accordance with all the laws of the State, not just those contained in the Civil Service Act." *In re Allen,* 262 *N.J.Super.* 438, 444, 621 *A.*2d 87 (App.Div.1993). Therefore, in determining whether to award counsel fees under *N.J.S.A.* 11A:2–22, the MSB must follow the limitations of *N.J.S.A.* 40A:14–155.

## IV.

As established by its plain language, its legislative history, and relevant case law, *N.J.S.A.* 40A:14–155 is a specific pronouncement that a disciplined police officer is not entitled to reimbursement of attorney's fees if the discipline arose from an alleged infraction outside of the lawful exercise of police powers in furtherance of his official duties. Certainly, that is the case here. Because Oches was not performing any official duties or functions when he taped his promotional interview, he is not entitled to reimbursement under *N.J.S.A.* 40A:14–155.

The majority's conclusion that Oches nevertheless could receive counsel fees under *N.J.S.A.* 11A:2–22 violates the legislative goal behind *N.J.S.A.* 40A:14–155. The Court should not warp a clear statute nor advance a policy not adopted by the Legislature. Such a major reinterpretation of that statute, which results in a substantial broadening of its scope, must be made by the Legislature.

I would affirm the Appellate Division decision and deny the award of legal fees to Oches.

POLLOCK, J., joins in this dissent.

*For reversal*—Chief Justice PORITZ and Justices HANDLER, O'HERN, STEIN and COLEMAN—5.

*For affirmance*—Justices POLLOCK and GARIBALDI—2.