**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1526-20

IN THE MATTER OF
MONIQUE SMITH,
IRVINGTON TOWNSHIP,
DEPARTMENT OF PUBLIC
SAFETY.

_____

Argued May 31, 2022 – Decided June 16, 2022

Before Judges Rothstadt and Mayer.

On appeal from the New Jersey Civil Service Commission, Docket No. 2018-1878.

Steven D. Altman argued the cause for appellant Monique Smith (Benedict and Altman, attorneys; Steven D. Altman and Joshua Altman, on the briefs).

Jordynn E. Jackson argued the cause for respondent Irvington Township Department of Public Safety (Florio, Perrucci, Steinhardt, Cappelli, Tipton & Taylor, LLC, attorneys; Lester E. Taylor and Robert X. Moorman, on the brief).

Matthew J. Platkin, Acting Attorney General, attorney for respondent New Jersey Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

This matter returns to us following a remand. Monique Smith appeals from a February 3, 2021 final agency decision by the Civil Service Commission (Commission) after the remand proceeding. We affirm.

The Commission referred the matter to the Administrative Law Judge (ALJ) who considered the original testimony and documentary evidence. On remand, the ALJ offered the parties an opportunity to supplement the factual record with additional testimony or documentary evidence. Counsel declined to submit additional evidence for the remand proceeding and advised the ALJ to "rely on the original hearing record" presented in December 2018.

Because counsel elected not to present additional evidence or testimony, the record on remand is the same record presented in Smith's prior appeal. We briefly recite the relevant facts.

On January 5, 2015, Smith was promoted to the position of captain with the Irvington Township Department of Public Safety (Department). The same day, Smith's then-boyfriend, John Sharpe James, sent an email ending their relationship. After reading the email, Smith, still in uniform, left the promotion celebration and drove to James's apartment. James, who was sitting in his car, saw Smith's car approach and drove away. Smith followed his car, driving

aggressively.[1] James drove to his parents' house and got out of his car. Smith then got out of her car and began gesturing and yelling at James. James's father de-escalated the situation and Smith drove away.

The Newark Police Department arrested and charged Smith with six indictable criminal offenses arising from the January 5 incident with James.[2] On July 31, 2017, after a bench trial, Smith was acquitted of the criminal charges. However, she was found guilty of reckless driving.

Several news organizations covered the January 5 incident. News stories regarding the incident were published the day following the incident through the date of Smith's criminal trial in April 2017.

After her arrest, the Township of Irvington (Township) issued preliminary notices of disciplinary action charging Smith with four counts of conduct unbecoming of a public employee and five counts of other sufficient cause, for a total of nine counts. Charges one, two, four, and six alleged "Conduct Unbecoming a Public Employee," N.J.A.C. 4A:2-2.3(a)(6). Charges three, five,

---

[1] According to testimony presented to the ALJ, Smith ran over a concrete island, crossed a double line, and drove into oncoming traffic while chasing James.

[2] Additionally, Smith received two citations for motor vehicle violations, including reckless driving.

A-1526-20

seven, eight, and nine alleged "Other Sufficient Cause," N.J.A.C. 4A:2-2.3(a)(12). Each charge stemmed from Smith's conduct on January 5, 2015.

On December 20, 2017, based on an investigation conducted by Detective Sergeant Gerard Malek with the Department's Division of Internal Affairs, the Department found Smith guilty of all the disciplinary actions and suspended her for six months without pay. Smith appealed to the Commission and the Commission transferred the matter to the Office of Administrative Law (OAL) for a hearing.

An ALJ held hearings on December 3 and December 4, 2018. The Department presented testimony from the Department's Director, Tracy Bowers, and Detective Sergeant Malek. In addition to hearing testimony, the ALJ reviewed video footage from a camera on Bergen Street in Newark, capturing Smith's car crossing a double line and swerving into oncoming traffic while pursuing James's car.

On January 31, 2019, the ALJ dismissed charges four, five, six, seven, eight, and nine and sustained charges one, two, and three. However, the ALJ reduced the suspension to ninety days. Additionally, the ALJ awarded fifty percent of Smith's requested attorney's fees as the prevailing party.

On March 7, 2019, the Commission modified the ALJ's suspension to a ninety-working-day suspension. Additionally, the Commission denied Smith's requested attorney's fees pursuant to N.J.A.C. 4A:2-2.12.

Smith appealed. On October 2, 2020, we remanded the matter to the Commission for referral to the ALJ to determine whether Smith's conviction for reckless driving on the night of January 5, 2015, constituted conduct unbecoming of an officer and other sufficient cause to warrant the imposition of major discipline. Matter of Smith, Docket No. A-2987-18 (App. Div. Oct. 2, 2020), slip op. at 1.

On remand, the ALJ dismissed charge two, conduct unbecoming a public employee, and charge three, other sufficient cause, because these charges were based on inadmissible hearsay in Sergeant Malek's investigation report. Since neither party supplemented the information provided during the initial hearings held in December 2018, nor introduced any additional witnesses, the ALJ found the Department sustained its burden of proof as to charge one – conduct unbecoming of a public employee, stemming from Smith's "reckless driving and pursuit of James, and the embarrassing press coverage of the incident and trials."

While the ALJ agreed Smith "ha[d] no control over what gets printed in a newspaper, her reckless and emotional conduct [on January 5, 2015] of driving

5

after James into Newark was such that it should have occurred to her that it might be newsworthy and embarrassing to the city." In finding Smith guilty of conduct unbecoming of an officer, the ALJ relied on section 3.1.1 of the Irvington Police Department Manual, governing the standards of conduct for members of the Department. This provision states, "[m]embers and employees shall conduct their private and professional lives in such a manner as to avoid bringing the police department into disrepute." The ALJ imposed a fifteen-working-day suspension. The ALJ did not address Smith's request for counsel fees.

Smith filed written exceptions to the ALJ's decision. In a February 3, 2021 decision, the Commission adopted the ALJ's remand decision but imposed a longer suspension period. The Commission concurred "with the ALJ's determinations regarding the inadmissibility of certain reports as hearsay" and noted the Department "had an opportunity to cure this potential [hearsay] issue had it determined upon remand to call any of the witnesses referenced in those reports. However, it did not do so."

In imposing a sixty-working-day suspension, the Commission found Smith's "sustained misconduct was highly inappropriate, especially for such a high level supervisory public safety employee." The Commission emphasized

"such actions by a superior office[r] not only tend to bring negative notoriety and disrepute to the appointing authority, but also tend to diminish the confidence of the public in the effective administration of government and public service." By imposing a longer suspension period, the Commission sought to "impress upon [Smith] that such misconduct will not be tolerated, and any future misconduct could lead to an increased penalty up to and including removal from employment."

While the ALJ did not address counsel fees as part of the remand proceeding, the Commission found Smith was not entitled to an award of counsel fees. Citing N.J.A.C. 4A:2-2.12(a), the Commission determined Smith failed to prevail on substantially all of the primary issues before the agency.

On appeal, Smith argues the Township presented insufficient evidence for the ALJ to sustain the single charge of conduct unbecoming a public employee. She claims the charge cannot be sustained based solely on negative publicity in newspaper publications over which she had no control. Smith also asserts entitlement to counsel fees because she prevailed substantially on the primary issues before the Commission.

We disagree. The finding of conduct unbecoming a public employee was supported by evidence in the record beyond the negative media publicity

surrounding the January 5, 2015 incident. There is sufficient credible evidence in the record supporting the finding Smith drove aggressively while in a highly emotional state and wearing her uniform, and her conduct that evening failed to comport with the promulgated standards governing conduct of Department members.

Additionally, we reject Smith's claimed entitlement to counsel fees because there were only two primary issues before the Commission – conduct unbecoming a public employee and other sufficient cause.[3] Since the primary issue of conduct unbecoming a public employee was sustained and major discipline imposed, Smith failed to "prevail[] on all or substantially all of the primary issues before the Commission" under N.J.A.C. 4A:2-2.12(a).

Our review of agency decisions is limited. In re Herrmann, 192 N.J. 19, 27 (2007). An administrative agency's final quasi-judicial decision "will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014). The burden of proving

---

[3] Charges one, two, four, and six alleged conduct unbecoming a public employee based on Smith's conduct on January 5, 2015. Charges three, five, seven, eight, and nine alleged other sufficient cause grounded on Smith's actions that same evening.

a decision was arbitrary, capricious, or unreasonable is on the party challenging the agency action. Lavezzi v. State, 219 N.J. 163, 171 (2014).

We must determine whether there is substantial evidence in the record to support the agency's decision, and whether, applying the law to the facts, the agency reached a conclusion that "could not reasonably have been made on a showing of the relevant factors." Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). If the agency's decision comports with these requirements, "a court owes substantial deference to the agency's expertise and superior knowledge of a particular field." Herrmann, 192 N.J. at 28.

We first consider Smith's claim there was insufficient evidence to sustain the finding of conduct unbecoming a public employee, rendering the Commission's decision arbitrary, capricious, and unreasonable. Under N.J.A.C. 4A:2-2.3(a)(6), "[a]n employee may be subject to discipline for: . . . [c]onduct unbecoming a public employee." 'Conduct unbecoming a public employee' is defined as "any conduct which adversely affects the morale or efficiency of the bureau . . . [or] which has a tendency to destroy public respect for municipal employees and confidence in the operation of municipal services." Karins v. Atlantic City, 152 N.J. 532, 554 (1998) (quoting In re Emmons, 63 N.J. Super.

136, 140 (App. Div. 1960)). An appointing authority issuing a notice of disciplinary action asserting conduct unbecoming a public employee bears the burden of proving that disciplinary action by "a fair preponderance of the evidence." In re Polk, 90 N.J. 550, 560 (1982).

With respect to law enforcement personnel, a police officer is "constantly called upon to exercise tact, restraint and good judgment in [her] relationship with the public. [She] represents law and order to the citizenry and must present an image of personal integrity and dependability in order to have the respect of the public . . . ." In re Phillips, 117 N.J. 567, 576 (1990) (quoting Twp. of Moorestown v. Armstrong, 89 N.J. Super. 560, 566 (App. Div.1965)).

Here, charge one against Smith read as follows:

> On or about January 05, 2015, Captain Monique Smith's conduct as a Public Employee adversely affected the morale, efficiency and had the tendency to destroy public respect for government employees and confidence in the operation of governmental services of the Irvington Police Department, when her conduct, arrest, and trial were reported on television news stations and newspaper articles, which brought the Irvington Police Department into disrepute, in violation of the Irvington Police Department's Standard of Conduct IPDM 3.1.1.

There was sufficient credible evidence in the record to support the Commission's finding Smith engaged in conduct unbecoming a public

10

employee. Based on that evidence, the Commission's decision was not arbitrary, capricious, or unreasonable.

After the remand proceeding, neither the ALJ nor the Commission relied solely on Smith's conviction for reckless driving to sustain the finding of conduct unbecoming a public employee. The other evidence supporting the conduct unbecoming finding included the testimony of Sergeant Malek who investigated the January 5 incident. Sergeant Malek also narrated a video presented during the hearing, showing Smith's car crossing over a double line, and veering into oncoming traffic while in pursuit of James's car.

Contrary to Smith's assertion, the conduct unbecoming a public employee finding by the ALJ and the Commission was not based solely on negative publicity. Smith's supervisory position as an officer in the Department and her behaviors on January 5, 2015 supported the conduct unbecoming a public employee determination. Smith's actions that evening violated the Department's regulations governing the standard of conduct for Department members, cast the Department in a negative light, affected the public's respect and confidence in the Department, and brought the Department into disrepute. Having reviewed the record, we are satisfied the Commission's decision was not arbitrary, capricious, unreasonable, or unsupported by the evidence.

A-1526-20

We next consider Smith's claimed entitlement to counsel fees because she substantially prevailed on the primary issues before the Commission. Smith argues eight of the nine disciplinary charges levied by the Department were dismissed resulting in her having prevailed on substantially all of the primary issues before the Commission under N.J.A.C. 4A:2-2.12. We disagree.

We first address N.J.S.A. 40A:14-155 raised by Smith's counsel during argument before us in support of her request for counsel fees. We note this statute was not cited in Smith's appellate briefs. Even if it had, we disagree the statute applies in this situation.

N.J.S.A. 40A:14-155 provides as follows:

> Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of and directly related to the lawful exercise of police powers in the furtherance of his [or her] official duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his [or her] defense in a disciplinary proceeding instituted against him [or her] by the municipality or in [the] criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he [or she] shall be reimbursed for the expense of his [or her] defense.

We conclude this statute is inapplicable to Smith's disciplinary proceeding for several reasons. First, the statute expressly requires complete dismissal of the disciplinary proceeding or final determination in favor of the member or officer. In an earlier case applying N.J.S.A. 40A:14-155, Township of Waterford v. Babli, we affirmed a Law Division decision holding an officer was not entitled to recover expenses "because [the officer] was not acquitted of all charges against him, [and therefore] the court [could not] find that the matter was 'finally determined in his favor.'" 158 N.J. Super. 569, 573 (Law Div. 1978), aff'd o.b., 168 N.J. Super. 18, 19 (App. Div. 1979).

Here, Smith was neither acquitted of all charges nor were all charges dismissed. Therefore, Smith is not entitled to reimbursement for her defense expenses under the statute.

Further, the statute is unambiguously titled "[d]efense for members or officers in action or legal proceeding arising out of and directly related to lawful exercise of police powers." In interpreting a statute's title, we have held "[t]he title of a statute may be used as an aid in construing the statute even though it cannot be dispositive of the issue of legislative intent. Nor can it limit the plain meaning of the text." In re Att'y Gen.'s "Directive on Exit Polling: Media & Non-Partisan Pub. Int. Groups," Issued July 18, 2007, 402 N.J. Super. 118, 126

(App. Div. 2008), aff'd in part and modified in part on other grounds, 200 N.J. 283 (2009) (quoting Sutherland, Statutory Construction, §18.7 (6th ed. 2002)).

Here, the plain language of the statute addresses expenses for "any action or legal proceeding arising out of and directly related to the lawful exercise of police powers in the furtherance of [the police officer's] official duties . . . but not for his [or her] defense in a disciplinary proceeding instituted against him [or her] by the municipality . . . ." Moreover, the last sentence of the statute applies to "any such disciplinary . . . proceeding" in seeking reimbursement of defense expenses. The use of the word "such" in the last sentence of N.J.S.A. 40A:14-155 refers to the subject matter of the statute, specifically the provision of a "[d]efense for members or officers in [an] action or legal proceeding arising out of and directly related to [the] lawful exercise of police powers." The disciplinary proceeding against Smith did not arise out of, or directly relate to, the lawful exercise of the police powers to be entitled to recover expenses for her defense under N.J.S.A. 40A:14-155.

Nor does N.J.A.C. 4A:2-2.12(a) entitle Smith to recover attorney's fees. The regulation provides the Commission must "award partial or full reasonable counsel fees incurred in proceedings before it and incurred in major disciplinary proceedings at the departmental level where an employee has prevailed on all or

14

substantially all of the primary issues before the Commission." N.J.A.C. 4A:2-2.12(a). In her civil service appeal, Smith sought dismissal of "the imposition of Major Discipline." In that regard, Smith did not prevail on "all or substantially all of the primary issues before the Commission" because she received major discipline for conduct unbecoming an employee.

Here, there were two primary issues for imposing major discipline against Smith – conduct unbecoming a public employee and other sufficient cause. Although the ALJ and the Commission dismissed the other sufficient cause basis for imposing major discipline, both agreed Smith's actions and conduct on January 5, 2015 constituted conduct unbecoming a public employee. Because the Commission "sustained a serious charge and imposed major discipline," Smith did not prevail on her civil service appeal challenging the imposition of major discipline against her. Thus, we are satisfied the Commission's decision denying counsel fees to Smith constituted a valid interpretation of the agency's regulation and was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1526-20